**CHAMPION INTERNATIONAL CORPORATION, Appellant,**

v.

**ALL AMERICAN OF ASHBURN, INC., Appellee/Debtor.**

**CHAMPION INTERNATIONAL CORPORATION, Appellant,**

v.

**ALL AMERICAN HOUSING OF ALABAMA, INC., Appellee/Debtor.**

**Civ.A. Nos. C84–1889A, C84–1890A.**

United States District Court, N.D. Georgia, Atlanta Division.

Dec. 20, 1984.

Russell S. Thomas, Robert Trauner, Trauner, King & Cohen, Atlanta, Ga., for appellants.

Thomas P. Stamps, Zusmann, Small, Stamps & White, Atlanta, Ga., for appellees, debtors.

## ORDER

FORRESTER, District Judge.

The above-cited cases are presently pending in the bankruptcy court. In each of them an identical motion for summary judgment was filed by Champion International Corporation on January 17, 1984. In Champion's motion for partial summary judgment, it sought a determination as to whether its claims for reclamation of goods delivered to the debtor, under § 2–702 of the Uniform Commercial Code and § 546(c) of the United States Bankruptcy Code, or in the alternative for a priority administrative claim upon the debtor's assets, was subordinate to the rights of any secured creditor of the debtors herein. In addition, Champion sought to have the court determine whether Champion's rights under § 546(c) of the Bankruptcy Code were extinguished by the existence of a superior lien by a secured creditor upon the same goods. In an order entered in each case on July 19, 1984, Bankruptcy Judge Drake denied Champion's motion for partial summary judgment. In that order, the court held that should the prior lien by the secured creditor in the present case, C.I.T. Corporation, be valid as to after-acquired property, and that after-acquired property should be the same property which Champion asserts is subject to reclamation under § 2–702 of the Uniform Commercial Code, then C.I.T.'s lien would be an absolute defense to Champion's claim for reclamation.

Champion now seeks leave of this court to appeal this determination by the bankruptcy court. Section 158 of the Bankruptcy Amendments and Federal Judgeship Act of 1984, 28 U.S.C. § 158, vests this court with jurisdiction to hear appeals from the bankruptcy courts of "final judgments, orders, and decrees." § 158(a). In addition, with leave of this court, an interlocutory appeal may be taken. § 158(a). The terms "final" and "interlocutory" are to be governed by the same standards as are used in appeals of civil proceedings from district courts to the courts of appeals. § 158(c). Champion has

asserted in support of its motion for leave to appeal that the decision of Judge Drake in this case was in fact a "final" decision. Judge Drake's holding was that if C.I.T.'s lien proved valid, then Champion's claims for reclamation would be extinguished. The court concludes that this is not a "final" decision as that term is used in the bankruptcy statute. Applying the standards used for determining whether a district court's opinion was a "final" decision and therefore appealable, the Fifth Circuit Court of Appeals has defined a final decision as one which "of its own force terminate[s] the entire litigation." *In Re Beef Industry Antitrust Litigation*, 607 F.2d 167 (5th Cir.1979), *rehearing denied*, 609 F.2d 1008, *cert. denied*, 452 U.S. 905, 101 S.Ct. 3029, 69 L.Ed.2d 405 citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). Moreover, a final decision is one which ends the litigation on the merits, and "comprehends only execution of a court's decree." *Id.* at 181, citing *Dunlop v. Ledet's Foodliner, Inc.*, 509 F.2d 1387, 1389 (5th Cir.1975). Judge Drake's order in the present case does not end the litigation before him on its merits. Rather, it is a prospective and conditional ruling, and will adversely affect Champion only if C.I.T.'s lien is proved valid in that litigation. Therefore, if this court is to consider this appeal, it will do so only if the standards for a proper interlocutory appeal are met.

■ The statute governing interlocutory appeals is found at 28 U.S.C. § 1292(b). That statute provides that an interlocutory appeal is possible where the order in question "involves a controlling question of law as to which there is substantial ground for difference of opinion" and additionally provides that the immediate appeal must "materially advance the ultimate termination of the litigation." Champion in the present case has not made a sufficient showing that an interlocutory appeal of Judge Drake's order will materially advance the

termination of the litigation in the bankruptcy court.

In support of its request for leave to appeal, Champion presents three reasons why an appeal should be permitted at the present time. First, Champion argues that substantial discovery would be necessary in order for it to prove that C.I.T.'s lien is not valid, a showing which would avoid the extinguishment of Champion's claims for reclamation under Judge Drake's order. Second, Champion argues that there is a divergence of authority on the legal issues in this case, without binding precedent in this judicial district or circuit.[1] Finally, Champion argues that the passage of time may make it difficult to prove its case if Judge Drake concludes in the end that C.I.T.'s lien is valid, and Champion wins an eventual appeal after that disposition. The arguments advanced by Champion are ones which could be advanced with respect to any determination by a lower court in the ongoing course of litigation. For example, any time a trial court rules in pretrial proceedings that a claim or defense will not be permitted to be shown at trial, it would be inconvenient for the party against whom the ruling operates to have to wait until after trial and on appeal to argue that the claim or defense should have been presented at trial. However, courts have held that appeal of such decisions as they are made does not materially advance the course of the litigation, but instead delays it. *See, e.g., Atlantic City Electric Company v. General Electric Company*, 337 F.2d 844 (2d Cir.1964). The Ninth Circuit Court of Appeals has determined that an interlocutory appeal is appropriate only where resolution of the issue on appeal could materially affect the outcome of the litigation in the district court. *In Re Cement Antitrust Litigation* (M.D.L. No. 296), 673 F.2d 1020 (9th Cir.1982), *aff'd*, 459 U.S. 1190, 103 S.Ct. 1172, 75 L.Ed.2d 425. Champion has made no showing in the present case that resolution of the issue by this court could materially affect the outcome of the case in

---

**1.** The argument regarding no controlling authority is not compelling. The issue would remain the same as to which line of cases to follow whether the case is appealed now or after a full adjudication.

bankruptcy court. Specifically, if Judge Drake were to determine at the bankruptcy court level that C.I.T.'s lien is not valid, then this appeal would be entirely unnecessary. The court therefore concludes that under 28 U.S.C. § 158(a), the court will not exercise its discretion to hear this appeal, and Champion's motion for leave to appeal is DENIED.