**In re Rodney B. RICHMOND, Debtor.**

**Rodney B. RICHMOND, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Civ. A. No. H–89–043.**

United States District Court,
S.D. Texas,
Houston Division.

July 28, 1989.

Michael J. Pledger, Houston, Tex., for appellant.

Lillian D. Brigman, Tax Div., Dept. of Justice, Dallas, Tex., for appellee.

ORDER

HITTNER, District Judge.

Pending before this Court is a Motion to Dismiss Debtor's Second Notice of Appeal (Document # 8) filed by the United States of America (Internal Revenue Service). Also pending is the merits of Rodney B. Richmond's appeal. The Court has considered same, the submissions of the parties, the argument of counsel in open court on July 17, 1989, and the applicable law. The Court is of the opinion that the motion to dismiss should be granted and, in the alternative, the Bankruptcy Court should be affirmed.

■ First, the Court will consider the motion to dismiss. The district courts have jurisdiction to hear appeals from "final judgments, orders and decrees, ànd, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges." 28 U.S.C. § 158(a) (Supp. II 1984). To invoke the jurisdiction of the district court, a notice of appeal from a bankruptcy court decision must be filed with the clerk of the bankruptcy court "within 10 days of the date of the entry of the judgment, order, or decree appealed from." Bankruptcy Rule 8002(a). An order that conclusively determines the substantive rights of the parties is considered final. *Matter of Texas Extrusion Corp.*, 844 F.2d 1142, 1155 (5th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 311, 102 L.Ed.2d 330 (1988).

On July 29, 1988, the Bankruptcy Court ruled in favor of the Internal Revenue Service in response to cross motions for summary judgment filed by the United States (Internal Revenue Service) and the debtor Rodney B. Richmond ("Debtor"), 92 B.R. 713 (Bankr.S.D.Tex.1988). Debtor filed a notice of appeal of this ruling on September 21, 1988. On December 10, 1988, the Bankruptcy Court entered the "Final Order" which set forth the amount of liability. On December 12, 1988, the district court dismissed Debtor's first appeal for want of prosecution. Debtor filed this appeal on January 17, 1989.

■ The Court finds that the Bankruptcy Court's Order of July 29, 1988, was a "final" order for purposes of appeal as it was an order which conclusively determined the substantive rights of the parties. Thus, the time for appeal ran from the July 29, 1988, and the Appellants failed to make a timely appeal of the order. As the appeal is untimely, this Court lacks jurisdiction. Based on the foregoing, this appeal must be dismissed.

Additionally, although the Court lacks jurisdiction, the Court notes that the Court has fully considered the merits of Appellant's case. Therefore, in the alternative, the Court holds that the Bankruptcy Court should be affirmed. The Court

ORDERS that the Motion to Dismiss Debtor's Second Notice of Appeal filed by the United States of America (Internal Revenue service) be, and is hereby, GRANTED. Therefore, the Court

ORDERS that this appeal be, and is hereby, DISMISSED. Further, and in the alternative, the Court

ORDERS that the final order of the United States Bankruptcy Court for the Southern District of Texas entered in the above-captioned proceeding be, and is hereby, AFFIRMED.