**Liane B. FOUTZ, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 94–4169.**

United States Court of Appeals, Tenth Circuit.

Dec. 18, 1995.

David L. Bird (Barrie G. McKay, also of McKay, Burton & Thurman, with him on the briefs), Salt Lake City, Utah, for Plaintiff–Appellant.

Robert W. Metzler, Attorney, Tax Division (Loretta C. Argrett, Assistant Attorney General; Ann B. Durney and Curtis C. Pett, Attorneys, Tax Division; Of Counsel: Scott M. Matheson, Jr., United States Attorney, on the brief), Department of Justice, Washington, D.C., for Defendant–Appellee.

Before BRORBY, LOGAN and KELLY, Circuit Judges.

LOGAN, Circuit Judge.

Taxpayer Liane B. Foutz appeals the district court's judgment granting the United States summary judgment in her income tax refund suit. The sole issue on appeal is whether the district court erred in finding that 1990 amendments to the statute of limitations on collections, I.R.C. § 6502, extended the limitations period for collection of the assessment against taxpayer in the circumstances of this case.

I

The facts are fully set out in the district court's published decision, *Foutz v. United States,* 860 F.Supp. 788 (D.Utah 1994); we recite here only those necessary for our analysis. The Internal Revenue Service (IRS) made deficiency assessments against taxpayer (and her husband who has since died) on October 6, 1983. At that time the applicable statute of limitations, I.R.C. § 6502, allowed the IRS six years from the date of assessment to file suit or levy to collect the taxes unless the taxpayer signed an extension agreement. As applicable here, I.R.C. § 6502 then provided as follows:

§ 6502. Collection after assessment

(a) Length of period.—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

(1) within 6 years after the assessment of the tax, or

(2) prior to the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer be-

fore the expiration of such 6–year period.... 

In September 1989, shortly before the six-year limitations period would have expired, taxpayer signed a "Tax Collection Waiver," Form 900, agreeing to extend the collection period until December 31, 1990. Taxpayer satisfied only some of the assessments before that date, and the IRS took no action to collect the remaining taxes until November 7, 1991, more than ten months after the extension expired. After the IRS issued a notice of levy seeking to collect the remaining assessment, taxpayer made a series of payments toward the assessment and accrued interest, $58,303.93 of which she sought to have refunded to her in the instant suit.

Taxpayer's argument was, and is, that the six years and the agreed upon extension period having both expired the levy was untimely and barred by the statute of limitations. That undoubtedly would be correct except that on November 5, 1990—after the six years had expired but during the agreed upon extension period—Congress passed amendments to I.R.C. § 6502 to insert "10 years" or "10–year period" each place in that section where a reference to 6 years or 6–year period appeared. Pub.L. No. 101–508, § 11317(a), 104 Stat. 1388–458 (1990).

The November 5, 1990 amendments specified their effective date in the following language:

> (c) EFFECTIVE DATE.—The amendments made by this section shall apply to—
>
> (1) taxes assessed after the date of the enactment of this Act, and
>
> (2) *taxes assessed on or before such date if the period specified in section 6502* of the Internal Revenue Code of 1986 (determined without regard to the amendments made by subsection (a)) for collection of such taxes *has not expired as of such date.*

*Id.* at § 11317(c) (emphasis added).

The six-year period, of course, had expired before the date of enactment. The district court, however, granted summary judgment to the government on the basis that at the time of enactment " 'the period specified in § 6502' had not expired" because of the waiver signed by taxpayer extending the time for collection to December 31, 1990. *Foutz*, 860 F.Supp. at 794. The district court found that the "period specified in § 6502" included the six-year period of § 6502(a)(1) or any period for collection agreed upon under § 6502(a)(2). *Id.* It held that because, under § 6502(a)(1) as amended, the levy was made within ten years after the assessment of the tax, the collection was timely. *Id.*

## II

We review the district court's grant or denial of summary judgment de novo, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). *James v. Sears, Roebuck & Co.*, 21 F.3d 989, 997–98 (10th Cir.1994). The construction of federal statutes, including statutes of limitations, is a question of law. *See United States v. Diaz*, 989 F.2d 391, 392 (10th Cir.1993). If "the statute's language is plain" we must " 'enforce it according to its terms.' " *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)).

Both sides make plain language arguments. The IRS points out that the amendment's provision for retroactive appliction does not reference only § 6502(a)(1); rather, it references "the period specified in *§ 6502*," which it asserts includes both the six-year (now ten-year) period of § 6502(a)(1) *and* the "period of collection agreed upon" under § 6502(a)(2). Because that extended period had not expired when the 1990 amendments became effective, the amended statute should apply to the tax assessments here. If Congress had intended retroactive treatment for the time period in § 6502(a)(1) only, it could have so provided. Utah District Judge Winder, in the instant case, found this argument convincing. The only circuit court decision to address this issue is in accord, in an opinion that does not contain any significant discussion of the issue. *See Kaggen v. IRS*, 57 F.3d 163, 164–65 (2d Cir.1995).

Taxpayer argues that the IRS had six years under § 6502(a)(1)—a period that expired before the 1990 amendments or the IRS's levy—*or* the extended period, to December 31, 1990, contained in the agreement between taxpayer and the IRS under § 6502(a)(2) in which to collect the assessment. The extension agreement was a contract increasing the permissible period for levy or suit to December 31, 1990; that date became the substitute limitations period under the contract, authorized by I.R.C. § 6502(a)(2). She relies upon the "or" in § 6502 for her assertion that the two provisions, § 6502(a)(1) and (a)(2), are mutually exclusive. Taxpayer cites *United States v. Newman*, 405 F.2d 189 (5th Cir.1968), which stated

> The word "or" in [what is now § 6502(a)] is not a fertile word which is subject to varied constructions. The use of "or" in the statute means that Congress intended that limitations should be determined either by reference to a six-year period, or alternatively by reference to a measure established by agreement between the taxpayer and the government—in the case at bar, the time established in the waiver agreement. Thus when the alternative measure was established by the waiver agreement, the six-year statutory limitation period became functus officio and ceased to have any relevance in the determination of the timeliness of the government's action. The district court, therefore, erred when it looked to the six-year limitation period after that period had become functus officio as a result of the waiver agreement.

*Id.* at 197–98. *See also Knutzen v. Eben Ezer Lutheran Housing Center*, 815 F.2d 1343, 1349 (10th Cir.1987) (holding that generally "or" is a disjunctive that indicates Congress intended exclusive alternatives, unless the context or congressional intent intends otherwise).

The 1990 amendments can be read as consistent with this view. The amendments apply to "taxes assessed on or before [November 5, 1990] *if the period specified in § 6502 . . . has not expired* as of such date." Pub.L. No. 101–508, § 11317(c)(2) (emphasis added).

The only period "specified in § 6502" is the six years referenced in both (a) subsections, which had expired before that date. The December 31, 1990 extended period is not specified in § 6502, it is only specified in a written agreement with the government signed pursuant to § 6502(a)(2). This is essentially the analysis District Judge Benson found convincing in another Utah case. *See United States v. Simons*, 864 F.Supp. 171, 173 (D.Utah 1994) (citing *Newman*).

■ Both arguments have appeal, from which we conclude that the issue cannot be determined simply from looking at the words of the "effective date" clause of the 1990 amendments. This is not a case of deferring to the agency's interpretation under the principles announced in *Chevron, U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). The IRS has a litigating position, but no interpretation embodied in a Treasury Regulation or even a Revenue Ruling. Nevertheless, we hold that the statute of limitations was extended by the amendments as applied to the instant case, for the following reasons.

First, the two § 6502 subsections (a)(1) and (a)(2), in context, do not seem to state mutually exclusive alternatives. The limitations period of subsection (a)(1) does not commence to run until the IRS issues a deficiency assessment against a taxpayer. Subsection (a)(2) on its face permits the taxpayer—by extending the limitations period—to purchase more negotiating time to settle contested tax deficiencies, to come up with documentation to convince the IRS the assessment was wrong, or to secure the money to pay taxes admittedly due.

■ Second, to accept taxpayer's argument we must consider the extension agreement to be a contract. Certainly contract principles would govern aspects of such agreements, but the Supreme Court in analogous cases has clearly stated that such waivers are not contracts. *Florsheim Bros. Drygoods Co. v. United States*, 280 U.S. 453, 466, 50 S.Ct. 215, 219, 74 L.Ed. 542 (1930). Summarizing *Florsheim's* holding, *Stange v. United States*, 282 U.S. 270, 276, 51 S.Ct. 145, 147, 75 L.Ed. 335 (1931), stated: "As

pointed out in *Florsheim* ... a waiver is not a contract, and the provision requiring the Commissioner's signature was inserted for purely administrative purposes and not to convert into a contract what is essentially a voluntary, unilateral waiver of a defense by the taxpayer."

Indeed, the *Florsheim* opinion seems to answer most of the objections to application of the amendments in the instant case. The *Florsheim* Court rejected the taxpayers' arguments that their waivers "were not merely waivers extending the statutory period, but were binding contracts which limited the time in which the Commissioner could assess and collect the taxes." *Florsheim*, 280 U.S. at 465, 50 S.Ct. at 218. The Court enforced the waivers in a situation in which the statute was amended during the period they were in effect. The amended act "unquestionably applied to waivers thereafter to be executed; and no reason appears why it did not equally apply to waivers executed prior to the passage of the act." *Id.* at 467, 50 S.Ct. at 219. The opinion went on to say:

It is urged that this construction of the acts causes discrimination against taxpayers who obligingly consented to additional time for assessment and collection, and in favor of those who obdurately refused such consent or whose returns were not audited, prior to the bar of the statute, for the purpose of assessing deficiencies.... The instruments contained nothing, however, which could restrict the Government's power to enlarge the statutory provisions as to limitation. The timeliness of the collection is based, not upon the waivers, but upon the statutes.

*Id.* at 468, 50 S.Ct. at 220.

In the case at bar the Form 900 that taxpayer signed was labeled "Tax Collection Waiver," and expressly referenced extending the "statutory period." App. 10. Treating the waiver not as a contract but as an extension of the statute of limitations, the 1990 amendments were made before the time for collection had expired.

■ Finally, we are mindful of the Supreme Court's enduring standard that "[s]tatutes of limitation sought to be applied to bar rights of the Government, must re-

ceive a strict construction in favor of the Government." *Badaracco v. Commissioner*, 464 U.S. 386, 391, 104 S.Ct. 756, 760, 78 L.Ed.2d 549 (1984) (quoting *E.I. du Pont de Nemours & Co. v. Davis*, 264 U.S. 456, 462, 44 S.Ct. 364, 366, 68 L.Ed. 788 (1924)). Taxpayer presumably owed these amounts to the government unless she could convince a court she was wrongfully assessed. Thus, the equities, to the extent we may consider them, favor a determination on the merits.

AFFIRMED.