United States Court of Appeals,

Eleventh Circuit.

No. 94-5022.

Richard BEHREN, Leta Behren, Plaintiffs-Counter-Defendants-Appellants-Cross-Appellees,

v.

UNITED STATES of America, Defendant-Counterclaimant-Appellee-Cross-Appellant.

May 9, 1996.

Appeals from the United States District Court for the Southern District of Florida. (No. 94-270-CIV-FAM) Federico A. Moreno, Judge.

Before ANDERSON and BARKETT, Circuit Judges, and YOUNG[*], Senior District Judge.

ANDERSON, Circuit Judge:

Taxpayers Richard and Leta Behren appeal from a judgment of the district court holding them liable to the government for taxes in the amount of $82,392.90. The sole issue addressed in this opinion is whether the 1990 amendment to the statute of limitations, Internal Revenue Code (26 U.S.C.) § 6502, extended the period for collection of the assessment in this case. We conclude that it did.

On November 28, 1984, the I.R.S. made a timely assessment of a deficiency for the taxpayers' 1974 federal income taxes.[1] The I.R.S. did not send the taxpayers a notice of the assessment and

---

[*]Honorable George C. Young, Senior U.S. District Judge, United States District Court for the Middle District of Florida, sitting by designation.

[1]An "assessment" is a procedure in which the I.R.S. records the liability of the taxpayer in I.R.S. files. *See* I.R.C. § 6203; Treas.Reg. (26 C.F.R.) § 301.6203-1.

demand for payment until 1989. At that time, the taxpayers disputed the assessment and refused to pay their taxes. The then-applicable statute of limitations, I.R.C. § 6502, required the I.R.S. to file suit to collect the taxes within six years from the date of assessment (in this case by November 28, 1990), unless the taxpayer signed a written extension agreement. I.R.C. § 6502 then provided as follows:

§ 6502. Collection after assessment

(a) Length of period.—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

(1) within 6 years after the assessment of the tax, or

(2) prior to the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer before the expiration of such 6-year period.

In April 1990, pursuant to § 6502(a)(2), the taxpayers and the I.R.S. signed a Form 900 Tax Collection Waiver, which extended the collection period until June 30, 1991.

On November 5, 1990, Congress amended § 6502 to substitute a ten-year limitations period in place of the previous six-year period.[2] The I.R.S. contends that this statutory amendment extended the collection period to November 28, 1994, i.e., ten years after the assessment. The taxpayers argue, as they argued in the district court, that the statutory amendment did not alter the collection period specified in the Tax Collection Waiver, i.e., June 30, 1991. The I.R.S. filed its counterclaim on March 29,

---

[2]*See* Omnibus Budget Reconciliation Act of 1990 § 11317(a), Pub.L. No. 101-508, 104 Stat. 1388-458 (1990).

1994, after the June 30, 1991, date as extended by the waiver, but before the November 28, 1994, date if the 1990 amendment is applicable. Thus, the applicability of the November 5, 1990, statutory amendment is dispositive.

Congress provided that the amendment to I.R.C. § 6502 applies to "taxes assessed on or before [November 5, 1990] if the period specified in section 6502 of the Internal Revenue Code of 1986 ... for collection of such taxes has not expired as of that date." Pub.L. No. 101-508 § 11317(c), 104 Stat. 1388-458 (1990). In this case, the six-year period specified by I.R.C. § 6502(a)(1) would not have expired until November 28, 1990.[3] Accordingly, the amendment to § 6502 applies by its terms.

The taxpayers' sole argument against the application of the new ten-year limitations period in this case is that the Tax Collection Waiver binds the I.R.S. to the June 30, 1991, collection date. The taxpayers' argument fails, because the case law clearly establishes that a Tax Collection Waiver executed pursuant to

---

[3]We note in passing that the statutory amendment refers to the "period specified in section *6502.*" and not simply to section 6502(a)(1). Pub.L. No. 101-508, 104 Stat. 1388, § 11317(c) (1990). This seemingly technical point, while not relevant to the facts presented here, has been significant in the decisions of two other federal appellate courts. *See Foutz v. United States,* 72 F.3d 802, 804-05 (10th Cir.1995) (holding that the 1990 amendment extending the statute of limitations to ten years was applicable where the amendment passed after the original six-year period in § 6502(a)(1), but before the expiration date as extended by waiver pursuant to § 6502(a)(2)). *Accord Kaggen v. United States,* 57 F.3d 163, 164-65 (2d Cir.), *on reh'g,* 71 F.3d 1018 (2d Cir.1995). In this case, however, the November 5, 1990, date on which the amendment was passed came before expiration of the original six-year period of § 6502(a)(1); thus, we need not address whether it would also be applicable in a case where the November 5, 1990, date of the amendment's passage came after the original six-year period but within the extended period pursuant to § 6502(a)(2).

I.R.C. § 6502(a)(2) is not a contract. *Foutz v. United States,* 72 F.3d 802, 805-06 (10th Cir.1995) (holding that a Form 900 "Tax Collection Waiver" is a waiver, not a contract, and applying the new ten-year statute of limitations after expiration of waiver period); *Kaggen v. United States,* 57 F.3d 163, 165 (2d Cir.) (same), *on reh'g,* 71 F.3d 1018 (2d Cir.1995); *see also Stange v. United States,* 282 U.S. 270, 276, 51 S.Ct. 145, 147, 75 L.Ed. 335 (1931) (concluding that "a waiver [executed pursuant to a tax statute similar to § 6502] is not a contract, and the provision requiring the Commissioner's signature was inserted for purely administrative purposes and not to convert into a contract what is essentially a voluntary, unilateral waiver of a defense by the taxpayer"); *Feldman v. Commissioner of Internal Revenue,* 20 F.3d 1128, 1132 (11th Cir.1994) (explaining that "[a] consent to extend the statute of limitations under section 6501 ... [is] not a contract").

More importantly, in *Florsheim Bros. Drygoods Co. v. United States,* 280 U.S. 453, 50 S.Ct. 215, 74 L.Ed. 542 (1930), the Supreme Court rejected the same argument advanced by the taxpayers here. The taxpayers in *Florsheim* argued that their waivers "were not merely waivers extending the statutory period, but were binding contracts which limited the time in which the Commissioner could assess and collect the taxes." *Id.* at 465, 50 S.Ct. at 219. The Commissioner instituted collection proceedings beyond the time specified by the waivers, but within the time specified by an intervening amendment to the statute of limitations. *Id.* The Court ruled in favor of the government, holding that "[t]he waivers

executed by the parties were not contracts binding the Commissioner not to make the assessments and collections after the periods specified." *Id.* at 466, 50 S.Ct. at 219. Accordingly, because the waivers could have no effect on Congress's power to amend the statute of limitations, "[t]he timeliness of the collection is based, not upon the waivers, but upon the statutes." *Id.* at 468, 50 S.Ct. at 220.

For the foregoing reasons, the judgment of the district court is AFFIRMED.[4]

---

[4]The rest of the taxpayers' arguments on appeal, as well as the government's arguments on its cross-appeal, are addressed in a separate, unpublished appendix, which affirms the judgment of the district court in all respects.