In re Kent M. KLINGSHIRN, Debtor.

Kent M. KLINGSHIRN,
Plaintiff–Appellee,

v.

UNITED STATES of America,
Defendant–Appellant.

BAP No. 97–8011.

United States Bankruptcy Appellate Panel
of the Sixth Circuit.

Argued May 7, 1997.

Decided July 7, 1997.

Eve V. Belfance, Belfance & Belfance, Akron, Ohio, argued (Kathryn A. Belfance, on brief), for Appellee.

Michael W. Davis, U.S. Department of Justice, Tax Division, Washington, D.C., (Michael W. Davis, on brief), for Appellant.

Before: LUNDIN, RHODES, and WALDRON, Bankruptcy Appellate Panel Judges.

## OPINION

The bankruptcy court granted summary judgment to the debtor and denied summary judgment to the United States, holding that the government's tax claim was time-barred pursuant to the parties' agreement. *Klingshirn v. United States (In re Klingshirn)*, 194 B.R. 154 (Bankr.N.D.Ohio 1996). We reverse.

## I. ISSUE ON APPEAL

The issue on appeal is whether 26 U.S.C. § 6503(h), which allows the government additional time to collect taxes upon a taxpayer's

bankruptcy filing, applies when the taxpayer had previously agreed to an extension of the deadline to collect the taxes under 26 U.S.C. § 6502(a)(2).

## II. JURISDICTION AND STANDARD OF REVIEW

■■■ A "final order" of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S.Ct. 1494, 1497, 103 L.Ed.2d 879 (1989) (citations omitted). "[S]ummary judgment constitutes a 'final order' for appeal purposes in a bankruptcy context when it is in fact a final disposition of all claims asserted ... in underlying adversary proceeding." *Ernst & Young v. Matsumoto (In re United Ins. Management, Inc.)*, 14 F.3d 1380, 1383 (9th Cir.1994) (citations omitted). The bankruptcy court's order granting summary judgment to Klingshirn, the debtor, and denying summary judgment to the United States, is final and appealable by right.[1]

The bankruptcy court's legal conclusions are reviewed *de novo. Investors Credit Corp. v. Batie (In re Batie )*, 995 F.2d 85, 88–89 (6th Cir.1993); *Foutz v. United States*, 72 F.3d 802, 804 (10th Cir.1995) (construction of the statute of limitations in the Internal Revenue Code is a question of law reviewed *de novo* ).

## III. FACTS

The Internal Revenue Service assessed Klingshirn for unpaid taxes on August 10, 1981, October 26, 1981, and November 16, 1981. The principal amount of the unpaid taxes was assessed at $49,014.76. The IRS made another tax assessment against Klingshirn on July 11, 1983. The principal amount of this tax assessment was $2,354.97. At the

time that these taxes were assessed, the applicable statute of limitations provided that collection proceedings must be brought within six years of the assessment. 28 U.S.C. § 6502 (1976).

On June 25, 1986, Klingshirn entered into three separate agreements with the IRS waiving the six-year statute of limitations and giving the IRS additional time to collect the taxes. The waivers allowed the IRS to pursue collection of the assessments until December 31, 1992, giving the IRS more than five years beyond the statutory limit to collect the 1981 assessments and approximately three years beyond the statutory limit to collect the 1983 taxes. The waivers also provided that if Klingshirn made an offer to compromise, the collection period would be extended for the number of days that the offer was pending, plus one additional year.

Klingshirn made an offer to compromise on October 21, 1986. This offer remained pending until he withdrew it on June 10, 1987. The parties agree that the offer to compromise extended the deadline for collecting the taxes to August 20, 1994.

On March 6, 1991, Klingshirn filed a chapter 7 bankruptcy case. The bankruptcy court granted Klingshirn a discharge on July 25, 1991.

On September 15, 1994, Klingshirn filed the present chapter 13 case. The United States filed a proof of claim for the 1981 and 1983 tax assessments. Klingshirn filed an adversary proceeding seeking a declaratory judgment disallowing the government's claim for these taxes, asserting that the applicable statute of limitations and Klingshirn's waivers barred collection of the taxes after August 20, 1994. Klingshirn filed a motion for summary judgment.

The United States filed a cross-motion for summary judgment, arguing that under 28 U.S.C. § 6503(h), Klingshirn's chapter 7 case,

---

**1.** Generally, an order denying a motion for summary judgment is not a final order because it does not "end the litigation on the merits." *Champion Int'l Corp. v. All American of Ashburn Inc.*, 45 B.R. 840, 841 (N.D.Ga.1984). *See also, Moran v. Aetna Life Ins. Co.*, 872 F.2d 296, 301 (9th Cir.1989); *T & B Scottdale Contractors, Inc. v. United States*, 815 F.2d 1425, 1428 (11th Cir.

1987). However, when the bankruptcy court rules on cross motions for summary judgment, the order granting one and denying the other does end the litigation on the merits. Therefore the order is final and appealable by right. *See, Richmond v. United States (In re Richmond )*, 105 B.R. 14, 15 (S.D.Tex.1989).

filed in 1991, extended the collection period by the amount of time that the bankruptcy case was pending, plus six months. This would extend the August 20, 1994 deadline in the waiver to July 8, 1995,[2] and the taxes would be subject to collection in the present bankruptcy case.

The bankruptcy court granted Klingshirn's motion for summary judgment and denied the government's motion. The court rejected the government's argument that the limitations period was extended pursuant to 26 U.S.C. § 6503(h), for two reasons. First, the court looked to 11 U.S.C. § 108(c), which incorporates applicable nonbankruptcy law and agreements that fix periods for the commencing or continuing of a civil action against the debtor in a forum other than the bankruptcy court. The bankruptcy court concluded that it had to choose between the applicable nonbankruptcy statute (26 U.S.C. § 6503(h)) and the agreement between the parties (the waiver agreement). The bankruptcy court chose the waiver because 26 U.S.C. § 6502(a)(2) "took the parties outside the purview of the statute of limitations established by 26 U.S.C. § 6502(a)(1)." *Klingshirn,* 194 B.R. at 158. Looking to the waiver as a self-contained document, the court reasoned that because the waiver provided for an extension of the collection period in the event the debtor submitted an offer in compromise, the absence of any reference to a similar extension or suspension in the event of a bankruptcy filing by the taxpayer or to 26 U.S.C. § 6503(h) indicated an intention not to recognize a bankruptcy filing as a basis to extend or suspend the collection limitations period. The bankruptcy court concluded, "On this state of documentation, the IRS has only the protection of 11 U.S.C. § 108(c)." *Klingshirn,* 194 B.R. at 160.

Second, the bankruptcy court reasoned that even if 11 U.S.C. § 108(c) did not apply,

26 U.S.C. § 6503(h) would not extend the collection limitation period because it does not apply when there is a date certain waiver executed pursuant to 26 U.S.C. § 6502(a)(2). The court concluded that 26 U.S.C. § 6502(a)(2) uses (at least as applied in this case) a "deadline approach" to fix a date certain for collection action, while 26 U.S.C. § 6502(a)(1), with its six-year[3] period of limitation, uses a "computational approach" to fix the limitations period. *Id.* The court stated that because 26 U.S.C. § 6503(h) uses the phrase "the running of the period of limitations" and refers to a "suspension," that section can only apply to a period that *runs,* based on a computational approach. *Id.* It would be difficult, the bankruptcy court concluded, to apply a suspension approach to a period defined by an agreed deadline. Accordingly, the bankruptcy court held that the government's claim was time-barred.

## IV. DISCUSSION

A bankruptcy filing can extend a deadline for a nonbankruptcy action against a debtor in two ways. First, 11 U.S.C. § 108(c) extends any statute of limitations that would otherwise expire during the pendency of the automatic stay. Second, applicable nonbankruptcy law may provide that a bankruptcy filing extends the limitations period. The Panel concludes that 11 U.S.C. § 108(c) does not apply in this case, that 26 U.S.C. § 6503(h) does apply, and that therefore the government's right of collection has not expired.

A. 11 U.S.C. § 108(c) does not affect the applicable nonbankruptcy statute of limitations in this case.

11 U.S.C. § 108(c) provides as follows:

Except as provided in section 524 of this title, if applicable nonbankruptcy law, an

---

2. Although appellant's brief identifies June 28, 1995 as the new deadline, this Panel's computation indicates the new deadline was July 8, 1995. The difference is not significant in resolving the issue on appeal.

3. On November 5, 1990, Congress amended 26 U.S.C. § 6502(a)(1) to increase the limitations period from six years to ten years. *See* Omnibus Budget Reconciliation Act of 1990, Pub.L. 101-

508, § 11317(a), 104 Stat. 1388 (1990). The bankruptcy court stated in footnote 8, "Although the parties do not agree on whether this amended period of time applies to the facts of this case, they do agree on the fact that its application is not dispositive to this case given that the Waiver contemplated a deadline that was beyond even a ten year statute of limitations." No party has argued otherwise on appeal.

order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ..., and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

■ By its language, § 108(c) extends a statute of limitations that would expire while the automatic stay is in effect. *Aslanidis v. United States Lines, Inc.,* 7 F.3d 1067, 1073–74 (2d Cir.1993); *Wilkey v. Union Bank & Trust Co. (In re Baird),* 63 B.R. 60, 62–3 (Bankr.W.D.Ky.1986). Otherwise, § 108(c)(1) preserves the statute of limitations established under nonbankruptcy law. *Aslanidis,* 7 F.3d at 1073–74; *Baird,* 63 B.R. at 62–63.

When Klingshirn filed the present case on September 15, 1994, the collection period had either already expired on August 20, 1994 (if 26 U.S.C. § 6503(h) does not apply), or was set to expire on July 8, 1995 (if 26 U.S.C. § 6503(h) does apply). In the former event, 11 U.S.C. § 108(c) has no application because the bankruptcy was filed after the limitations period expired. In the latter event, the government's right of collection would not have expired by the time the government filed its proof of claim, regardless of the extension provided in 11 U.S.C. § 108(c). Section 108(c) simply does not alter the applicable nonbankruptcy statute of limitations on tax collection in this case and therefore should not be considered.

B. The statute of limitations applicable to the government's tax claim is controlled by applicable nonbankruptcy law found in the Internal Revenue Code.

On June 25, 1986, when Klingshirn signed the waiver agreements, 26 U.S.C. § 6502, the general statute of limitations on tax collection proceedings, provided:

(a) Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

(1) within six years after the assessment of the tax, or

(2) prior to the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer before the expiration of such six year period[.]

26 U.S.C. § 6502 (1976).

This general statute of limitations is expressly subject to 26 U.S.C. § 6503(h):

(h) Cases under title 11 of the United States Code.—The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or collection shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting and—

. . . .

(2) for collection, 6 months thereafter.

26 U.S.C. § 6503(h)(1990).

Under 11 U.S.C. § 362(a) and (c)(2)(C), the automatic stay resulting from Klingshirn's March 6, 1991 chapter 7 filing prevented the government from collecting the taxes until the discharge was entered on July 25, 1991. If 26 U.S.C. § 6503(h) applies, the period for collection would be extended from August 20, 1994, to July 8, 1995.

■ The Panel rejects Klingshirn's argument that the IRS waived the provisions of 26 U.S.C. § 6503(h) when it failed to expressly incorporate 26 U.S.C. § 6503(h) in the waiver. When applied against the government, statutes of limitation, including limitations found in waiver agreements under 26 U.S.C. § 6502(a)(2), "must receive a strict construction in favor of the Government." *Foutz v. United States,* 72 F.3d 802, 805 (10th Cir.1995) (quoting *Badaracco v. Commissioner,* 464 U.S. 386, 391, 104 S.Ct. 756, 761, 78 L.Ed.2d 549 (1984)); *see also Mullikin v. United States,* 952 F.2d 920, 926 (6th Cir.1991), *cert. denied,* 506 U.S. 827, 113

S.Ct. 85, 121 L.Ed.2d 49 (1992) ("if a statute of limitations is sought to be applied against the United States, the statute of limitations must receive a strict construction in favor of the government.") (citation omitted).

■■■ The rule construing the statute of limitations in favor of the government is especially applicable to waiver agreements, because waivers which extend the period for tax collection are not contracts binding on the government. *See Florsheim Bros. Dry-goods Co. v. United States*, 280 U.S. 453, 466, 50 S.Ct. 215, 219, 74 L.Ed. 542 (1930). A waiver agreement is nothing more than "a voluntary, unilateral waiver of a defense by the taxpayer." *Stange v. United States*, 282 U.S. 270, 276, 51 S.Ct. 145, 147, 75 L.Ed. 335 (1931). "The timeliness of the [tax] collection is based, not upon the waivers, but upon the statutes." *Florsheim*, 280 U.S. at 468, 50 S.Ct. 215 at 220, 74 L.Ed. 542. The waiver agreement may be modified by statutory provisions that are not specifically mentioned in the agreement, even when these statutory provisions extend the date for collection specified in the waiver. *Id.* (holding that the statutory provision could retroactively extend the date specified in the waiver agreement); *see Foutz*, 72 F.3d at 805 (holding that the government could institute collection after the date specified in the waiver agreement under the statute extending the limitations period under 26 U.S.C. § 6502). *Accord Behren v. United States*, 82 F.3d 1017, 1019 (11th Cir.1996); *Kaggen v. Internal Revenue Service*, 57 F.3d 163, 164–65 (2d Cir.1995), *on reh'g*, 71 F.3d 1018 (2d Cir.1995).

Klingshirn relies upon *United States v. Newman*, 405 F.2d 189 (5th Cir.1968), in support of bifurcating 26 U.S.C. § 6502(a)(1) and (2) for purposes of applying 26 U.S.C. § 6503(h). In *Newman*, the Fifth Circuit held that the debtor's collection limitations waiver replaced the statutory six-year period with a date certain that could not be suspended by boilerplate language in subsequent offers in compromise.

The Panel rejects the reasoning of *Newman*. *See Florsheim*, 280 U.S. at 468, 50 S.Ct. at 220; *Behren*, 82 F.3d. at 1019; *Foutz*, 72 F.3d at 805; *Kaggen*, 57 F.3d at 164–165; *Clark v. Commissioner*, 90 T.C. 68, 1988 WL 2749 (1988); *Thompson v. Commissioner*, 84 T.C. 645, 1985 WL 15334 (1985).

The view of collection limitations waivers expressed in *Newman* is inconsistent with the language of 26 U.S.C. §§ 6502 and 6503(h). A court must apply a statute in accordance with its plain meaning if the language of the statute is clear and unambiguous and where a literal interpretation of the statute would not produce a result demonstrably at odds with Congress's intent. *See United States v. Ron Pair Enters.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989). The plain meaning of the statute indicates that 26 U.S.C. § 6503(h) explicitly applies to 26 U.S.C. § 6502, without distinguishing between 26 U.S.C. § 6502(a)(1) and 26 U.S.C. § 6502(a)(2). Nothing suggests that this result is at odds with Congress's intent. Accordingly, the Panel rejects the application of *Newman* in this case.

## V. CONCLUSION

The bankruptcy court's decision that the government's tax claim was barred by the statute of limitations was erroneous. When Klingshirn filed the present bankruptcy case, the claim was still subject to collection under applicable nonbankruptcy law. Accordingly, the bankruptcy court's order granting summary judgment to Klingshirn and denying summary judgment to the government is reversed. The bankruptcy court is instructed to enter judgment for the United States.