In re: Kent M. KLINGSHIRN, Debtor.

Kent M. KLINGSHIRN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 97–3874.

United States Court of Appeals,
Sixth Circuit.

Argued June 11, 1998.

Decided July 2, 1998.

Richard G. Hardy (Briefed), Ulmer & Berne, Cleveland, Ohio, for Appellant.

Bruce R. Ellisen (Briefed), Robert W. Metzler, Charles F. Marshall (Briefed), U.S. Department Of Justice, Tax Division, Washington, DC, for Appellee.

Before: NELSON and RYAN, Circuit Judges; ROSEN, District Judge.*

## OPINION

PER CURIAM.

Debtor Kent Klingshirn appeals from a bankruptcy appellate panel decision holding that a claim asserted by the Internal Revenue Service in the debtor's Chapter 13 bankruptcy proceeding was timely. Reversing a decision of the bankruptcy court, the appellate panel concluded that 26 U.S.C. § 6503(h) operated to suspend the running of the tax collection statute of limitations for the duration of the automatic stay in a previous bankruptcy proceeding commenced by the debtor after he and the IRS had agreed to an extension of the limitations period. We shall affirm the decision of the panel.

I

The undisputed facts are set out in *In re Klingshirn*, 209 B.R. 698, 700 (6th Cir. BAP 1997). During 1981 and 1983, as *Klingshirn* explains, the IRS issued four assessments against the debtor for unpaid taxes totaling more than $50,000. The tax collection statute of limitations then in effect (26 U.S.C. § 6502) provided, in pertinent part, as follows:

"(a) Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

(1) within six years after the assessment of the tax, or

(2) prior to the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer before the expiration of such six year period[.]" 26 U.S.C.A. § 6502 (West 1989).

In June of 1986 Klingshirn and the IRS executed agreements extending the limitations period to December 31, 1992. The agreements stated that "if an offer in compromise is made by the taxpayer(s) on or before the date to which the statutory period has been extended, then the time for making any collection will be further extended beyond that date by the number of days ... the offer is pending ... plus 1 year." Because of an offer in compromise made by Klingshirn in 1986 and remaining open until mid–1987, the parties agree, the deadline for collecting the taxes was extended to August 20, 1994.

In 1991 Klingshirn instituted bankruptcy proceedings under Chapter 7. Some three years later, on September 14, 1994, he filed for bankruptcy protection under Chapter 13. The United States filed a proof of claim for the assessed taxes in the Chapter 13 case, and Klingshirn instituted an adversary proceeding seeking a declaration that the statute of limitations had run on August 20th, thereby barring the claim. The question presented in this appeal is whether the 1991 bankruptcy operated to extend the collection period further, making the United States' proof of claim timely.

The United States argues that the period was extended by 26 U.S.C. § 6503(h), which provides as follows:

"The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or collection shall,

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting and—

(1) for assessment, 60 days thereafter, and

(2) for collection, 6 months thereafter."

Klingshirn, on the other hand, argues that the determination of the period was taken out of the statutory scheme when the parties executed the extension agreements. The agreements did not contain any express incorporation of § 6503(h).

## II

The bankruptcy court took the view that the statute of limitations suspension prescribed by § 6503(h) applies only in cases where the limitations period is "computed by the passage of a defined number of days, months, or years," as it is in § 6502(a)(1). When the parties executed the extension agreements, the bankruptcy court reasoned, they "agreed to redefine their limitation rights from the § 6502(a)(1) 'computational' approach to a § 6502(a)(2) 'deadline' approach." Relying on *United States v. Newman*, 405 F.2d 189 (5th Cir.1968), the bankruptcy court concluded that, "[g]iven the terminating effect of the 'deadline' approach, unless that deadline came during a period when the bankruptcy was pending or on which the bankruptcy had an effect, there is nothing to be suspended."

In reaching this conclusion, the bankruptcy court drew a distinction between a "suspension" and an "extension" of time. A deadline determined by the parties through execution of agreements such as those in question here may be extended, according to the court, but not suspended. The "suspension" language of § 6503(h) thus does not apply, in the bankruptcy court's view, when the parties' agreement refers to a date certain rather than a

period of time computed in days, months or years.[1]

The bankruptcy appellate panel declined to adopt the reasoning of *Newman*. Instead, the panel looked at the plain meaning of § 6503(h):

"A court must apply a statute in accordance with its plain meaning if the language of the statute is clear and unambiguous and where a literal interpretation of the statute would not produce a result demonstrably at odds with Congress's intent.... The plain meaning of the statute indicates that 26 U.S.C. § 6503(h) explicitly applies to 26 U.S.C. § 6502, without distinguishing between 26 U.S.C. § 6502(a)(1) and 26 U.S.C. § 6502(a)(2). Nothing suggests that this result is at odds with Congress's intent. Accordingly, the Panel rejects the application of *Newman* in this case." *Klingshirn*, 209 B.R. at 703.

We agree with the panel. There is no reason to assume that the reference in 26 U.S.C. § 6503(h) to "section 6501 or 6502" was intended to exclude § 6502(a)(2). We therefore conclude that the running of the limitations period established by the parties through execution of the written agreements pursuant to 28 U.S.C. § 6502(a)(2) was suspended during the pendency of the automatic stay in Klingshirn's previous bankruptcy proceeding. The United States' proof of claim is timely.

Our conclusion finds support in case law of at least two other circuits. See, *e.g., Kaggen v. IRS*, 57 F.3d 163, 165 (2d Cir.), *aff'd on reh'g*, 71 F.3d 1018 (1995) (language "specifically refers to 'the period specified in § 6502,' and not simply to § 6502(a)(1) to the exclusion of § 6502(a)(2)"); *Meridian Wood Prods. Co., Inc. v. United States*, 725 F.2d 1183, 1188 (9th Cir.1984) ("The plain language of section 6503 demonstrates that its suspension provision applies to contractually extended limitations periods").

---

1. Arguably, differences in the terms of the waivers distinguish *Newman* from the present case. The waivers in *Newman* created a date certain by providing that the assessment "may be collected ... by distraint or by a proceeding in court begun on or before December 31, 19__." *Newman*, 405 F.2d at 190 n. 3. The waivers in this case extended the statutory period rather than replacing it with a date certain. Allowing the running of this extended statutory period to be suspended by § 6503(h) is therefore, arguably, consistent with *Newman* since doing so does not alter a date certain.

■ As a final matter, Klingshirn argues that the district court abused its discretion when, prior to transferring the case to the bankruptcy appellate panel, it vacated an earlier dismissal of the IRS appeal.[2] The appeal had been dismissed because of a failure by the IRS to file its brief on time. The court reinstated the appeal on rehearing, reasoning that the question presented in the appeal was substantial, the brief was filed only one day late, the appellee was not prejudiced by the delay, and the appellant had met the procedural requirements for requesting an enlargement of time. There was clearly no abuse of discretion in reinstating the appeal under these circumstances.

**AFFIRMED.**

2. The notice of appeal from the bankruptcy court decision was filed in May of 1996, before the establishment of the Sixth Circuit bankruptcy appellate panel. The appeal was originally docketed in the district court for the Northern District of Ohio. Subsequent to the district court's dismissal and reinstatement of the appeal, the bankruptcy appellate panel was created; upon the parties' consent, the case was then transferred to the panel.