**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 15 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

       Plaintiff-Counter-
       Defendant-Appellee,

v.

RAYMOND N. SPENCE; LILA M.
SPENCE; GARY WAYNE SPENCE;
VICKI L. SPENCE,

       Defendants-Counter-
       Claimants-Cross-
       Claimants-Appellants,

and

FIRST NATIONWIDE MORTGAGE
CORPORATION,

       Defendant,

and

STATE OF NEW MEXICO
DEPARTMENT OF TAXATION &
REVENUE,

       Defendant-Counter-
       Claimant-Cross-
       Defendant-Appellee.

Nos. 99-2325 & 99-2345
(D.C. No. CIV-98-757-JP)
(D. N.M.)

**ORDER AND JUDGMENT** [*]

Before **BALDOCK** , **KELLY** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

The United States commenced this action to reduce to judgment federal tax assessments against Lila and Raymond Spence (collectively, "the taxpayers"). It also sought to set aside as fraudulent the taxpayers' conveyance of three parcels of property located in New Mexico, to foreclose tax liens on those properties, and to obtain a deficiency judgment for any deficiency remaining after the sale of the properties. The United States named as defendants in the action all known parties having an interest in the three parcels of property, including Gary and Vicki Spence (the taxpayers' son and daughter-in-law, to whom title to the properties had been transferred), and the New Mexico Department of Taxation and Revenue

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(which had filed its own tax liens against the properties). The taxpayers and Gary and Vicki Spence filed cross-claims against the New Mexico Department of Taxation and Revenue seeking to invalidate the State's tax liens against all of the taxpayers' property.

After a bench trial, the district court concluded that the taxpayers were liable to the United States for federal income taxes for tax years 1979, 1980, and 1981, and that the taxpayers were liable for tax penalties for tax years 1979 through 1986 and 1991. The court further concluded that the transfers of property from the taxpayers to the Universal Church of Taurus and thence to Gary and Vicki Spence were fraudulent under New Mexico law and were void as to the United States. The court concluded that the transfers should be set aside and the federal tax liens foreclosed on those properties. Accordingly, the court entered judgment for the United States and against the taxpayers, set aside the property transfers, and ordered the properties sold to satisfy the federal tax debt.

The taxpayers appealed the district court's decision, as did Gary and Vicki Spence, and we consolidated the two appeals for briefing and disposition. We

exercise jurisdiction over the appeals pursuant to 28 U.S.C. § 1291, [1] and we affirm in part and reverse in part.

Appellants raise six challenges to the district court's rulings. First, they contend that the tax assessments were outside the general three-year limitations period contained in 26 U.S.C. § 6501(a), and that the United States could not rely on the exception to the general limitations period for false or fraudulent returns found in 26 U.S.C. § 6501(c). Second, appellants argue that the district court should have dismissed the suit because the United States did not present proper evidence that the suit was authorized by the Secretary of the Treasury, as required by 26 U.S.C. § 7401. Third, appellants contend that the Universal Church of Taurus was a necessary and indispensable party that the court should have required the United States to add as a party-defendant, and that the district court erred in adjudicating the church's property rights in its absence. Fourth, appellants contend that the district court erred in holding the taxpayers liable for frivolous return penalties under 26 U.S.C. § 6702. Fifth, appellants argue that the

---

[1] We initially questioned whether we had jurisdiction to hear these appeals because the district court's decision did not expressly dispose of appellants' respective cross-claims against the New Mexico Department of Taxation and Revenue. Accordingly, we ordered appellants to obtain from the district court and present to this court either an appropriate certification under Fed. R. Civ. P. 54(b) or a final judgment adjudicating all remaining claims. Appellants complied with our order by obtaining a final order from the district court, which dismissed the cross-claims as moot. The district court having now adjudicated all the claims before it, we have jurisdiction to review these appeals under 28 U.S.C. § 1291.

district court erred in dismissing their respective cross-claims against the New Mexico Department of Taxation and Revenue as moot, because the claims sought to invalidate the state's tax liens on more property than that in which the United States claimed an interest. Finally, appellants contend that the district court erred in setting aside the transfers of property because the United States' fraudulent transfer claims were extinguished by operation of state law before the United States filed suit.

The United States refutes all of appellants' claims, except their fifth claim–on which the United States takes no position–and portions of their fourth claim. As to the latter, the United States concedes that judgment should not have been entered against Raymond Spence for frivolous return penalties for tax years 1979, 1980 and 1981, and that judgment should not have been entered against Lila Spence for frivolous return penalties for any of the tax years at issue.

We review the district court's findings of fact for clear error and its conclusions of law de novo. *Tosco Corp. v. Koch Indus., Inc.*, 216 F.3d 886, 892 (10th Cir. 2000). We review the district court's evidentiary rulings for an abuse of discretion. *Faulkner v. Super Valu Stores, Inc.*, 3 F.3d 1419, 1433 (10th Cir. 1993). To the extent that appellants' arguments seek a review of the sufficiency of the evidence or otherwise require a review of the trial transcript, those arguments are deemed waived by appellants' failure to provide us with a

transcript of the trial, as required by Fed. R. App. 10(b)(1), (2) and 10th Cir. R. 10.1(A)(1). *E.g., United States v. Vasquez*, 985 F.2d 491, 495 (10th Cir. 1993) ("By failing to file a copy of the trial transcript as part of the record on appeal, the appellant waives any claims concerning the sufficiency of the evidence at trial.").

We have carefully reviewed each of appellants' claims and, based upon the parties' briefs, the record, and the pertinent law, we conclude that the district court did not commit reversible error, with the exception of the two points on which the United States concedes error. The district court's orders are, therefore, reversed only as to those two points.

On our view, only appellants' challenge concerning the government's fraudulent conveyance claims warrants further explication. The district court found the following pertinent facts. The taxpayers purchased the three parcels of property at issue in 1965, 1976, and 1983, respectively. By March 30, 1983, the taxpayers had deeded each of the properties to the Universal Church of Taurus, a sham church they created and used for the purposes of evading taxes. On March 31, 1988, the taxpayers deeded each of the properties to their son Gary by special warranty deed. On April 7, 1988, the taxpayers, individually and as trustees of the church, and Gary and Vicki Spence, as trustees of the church, deeded each property to Gary by special warranty deed.

The United States sought to set aside these conveyances, arguing that they were fraudulent under New Mexico law. The United States relied upon New Mexico's Uniform Fraudulent Conveyances Act ("UFCA"), N.M. Stat. Ann. §§ 56-10-1 to -13 (repealed), which was in effect at the time the transfers were made. New Mexico repealed its UFCA effective June 16, 1989, and replaced it with the Uniform Fraudulent Transfer Act ("UFTA"), N.M. Stat. Ann. §§ 56-10-14 to -25. *See* 1989 N.M. Laws ch. 382, § 13. The UFTA was the law in effect when the United States filed suit in June 1998.

The district court concluded that the UFCA, not the UFTA, properly applied to the United States' claims because the UFCA was the law in effect at the time of the conveyances. The court further concluded, however, that it mattered little which statute applied, because appellants' conduct was fraudulent under either statute and there was no material difference between the two statutes.

Appellants do not challenge the district court's findings that their conduct was fraudulent under either statute. Rather, they challenge the court's conclusions that the UFCA applied to the United States' claims and that there is no material difference between the two statutes. In particular, they argue that the UFTA contains a claim-extinguishment provision that differs significantly from

the provisions of the UFCA, and that this provision extinguished the United States' fraudulent conveyance claims before it filed suit.

Appellants are correct that the UFTA contains a claim-extinguishment provision, N.M. Stat. Ann. § 56-10-23, which has no analogue in the UFCA. Under § 56-10-23, a cause of action for a fraudulent transfer under the UFTA must be brought within one year or four years after the transfer, depending on the section under which the claim is brought. In addition,

> the UFTA also provides an additional, though shorter, time period to guard against the potentially harsh application of the four-year extinguishment provision. The second clause of Section 56-10-23(A) provides a period of "one year after the transfer or obligation was or could reasonably have been discovered by the claimant." The plain language of the statute makes the one-year "safety valve" limitations period available to all claimants under the UFTA.

*First Southwestern Fin. Servs. v. Pulliam*, 912 P.2d 828, 830 (N.M. Ct. App. 1996). Unlike the UFTA, the UFCA does not contain its own statute of repose or limitation. *See* N.M. Stat. Ann. §§ 56-10-1 to -13 (1988). Fraudulent conveyance claims under the UFCA are therefore governed by the four-year statute of limitations generally applicable to fraud claims. N.M. Stat. Ann. § 37-1-4; *Dow v. Chilili Coop. Ass'n*, 728 P.2d 462, 464 (N.M. 1986).

Regardless of which statute of limitations applies, "the United States is not bound by state statutes of limitation . . . in enforcing its rights." *United States v. Summerlin*, 310 U.S. 414, 416 (1940); *see also Bd. of County Comm'rs for*

*Garfield County, Colo. v. W.H.I., Inc.*, 992 F.2d 1061, 1065 (10th Cir. 1993) ("[A] state's statute of limitations does not apply to an action brought by the federal government to vindicate public rights or public interests, absent a clear showing of contrary congressional intent.") (internal quotations and citation omitted). Instead, the United States is governed by 26 U.S.C. § 6502(a), which gives the government ten years from the date of the deficiency assessment to institute a proceeding to collect on the assessment. *E.g., Foutz v. United States*, 72 F.3d 802, 803 (10th Cir. 1995). The United States made the first assessment against the taxpayers on March 29, 1989, and it instituted suit on June 23, 1998. Accordingly, we need not address the question of retroactivity because the United States' fraudulent conveyance claims were timely filed under either statute.

In sum, the district court properly entered judgment against both Lila and Raymond Spence for federal income taxes for tax years 1979, 1980, and 1981, and it properly entered judgment against Raymond Spence for civil penalties for tax years 1982 through 1986 and 1991. The court erred, however, in entering judgment against Raymond Spence for civil penalties for tax years 1979 through 1981, and in entering judgment against Lila Spence for civil penalties for tax years 1979 through 1986 and 1991. The court also properly set aside the property conveyances as fraudulent, foreclosed the federal tax liens against the properties, and ordered the properties sold.

Therefore, we REVERSE the district court judgment against Raymond Spence for civil penalties under 26 U.S.C. § 6702 for tax years 1979 through 1981. We also REVERSE the district court judgment against Lila Spence for civil penalties under 26 U.S.C. § 6702 for tax years 1979 through 1986 and 1991. In all other respects, we AFFIRM the district court's judgment.

Entered for the Court


Bobby R. Baldock
Circuit Judge