**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 26 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,     )
                                   )
          Plaintiff-Appellant,     )
vs.                            )
                                   )
DAN C. SIMONS, SALLY J. SIMONS, )       No. 96-4093
JOLENE J. SMITH as Trustee of the   )       No. 95-4200
CHARLEMAGNE TRUST, and        )
HAROLD MARK SIMONS, DAN C.    )
SIMONS, and SALLY J. SIMONS     )
as Trustees of the DAN C. SIMONS   )
EQUITY TRUST,              )
                                   )
          Defendants-Appellees.   )

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 92-CV-1071)

_____

Curtis C. Pett, (Ann B. Durney, with him on the brief), Attorneys, Tax Division, United States Department of Justice, Washington, D.C., for Plaintiff-Appellant.

Patricia D. White, Parsons, Behle & Latimer, Salt Lake City, Utah, for Defendant-Appellee.

_____

Before KELLY, HOLLOWAY, and HENRY, Circuit Judges.

_____

KELLY, Circuit Judge.

_____

The government appeals from the district court's grant of summary judgment in

favor of Dan and Sally Simons (taxpayers) on assessments against them for the 1974 tax year. We conclude the district court's interpretation of 25 U.S.C. § 6502 conflicts with our decision in Foutz v. United States, 72 F.3d 802 (10th Cir. 1995), and believe a genuine issue of material fact exists as to whether or when the government signed taxpayers' offer in compromise. Our jurisdiction arises under 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

Background

On July 25, 1983, the IRS assessed a $17,071 deficiency in income tax and an $854 addition to tax against taxpayers for tax year 1974. At that time, the statute of limitations for collection of assessed taxes required the government to file suit within six years of the assessment. See 26 U.S.C. § 6502. Thus, the statute of limitations for reduction of taxpayers' 1974 assessment was to expire on July 25, 1989. On January 24, 1989, taxpayers and the IRS executed a Form 900, or "Tax Collection Waiver," agreeing to extend the collection period to October 25, 1989. By its terms, the waiver provided that if an offer in compromise was made by taxpayers before the extended limitations period expired, the period would again be extended by the number of days the offer was pending plus one year.

Taxpayers concede they filed an offer February 2, 1989, which was rejected by the

2

IRS on June 18, 1990. Taxpayers claim the offer was not signed by a representative of the service. The government claims the offer was signed by Revenue Officer Don Thurman and was produced to taxpayers during his deposition. The offer, if valid, extended the period for collection to June 18, 1991.

Subsequently, on November 5, 1990, Congress amended 26 U.S.C. § 6502(a) to lengthen the limitations period for collections from six to ten years. See Omnibus Budget Reconciliation Act of 1990, Pub. L. No. 101-508, § 11317(a), 104 Stat. 1388-458 (1990). The amendment also provided that taxes assessed before the November 5, 1990 effective date would be subject to the extended period "if the period specified in section 6502 of the Internal Revenue Code of 1986 (determined without regard to the amendments made by subsection (a)) for collection of such taxes has not expired as of such date." § 11317(c)(2), 104 Stat. at 1388-458.

The government then filed this action for collection of the 1974 assessment on December 14, 1992. Taxpayers moved for summary judgment, arguing that the original six year limitations period in § 6502(a)(1) had passed and that the subsequent amendment extending the limitations period to ten years did not apply to them. The district court agreed, holding that the 1990 amendments do not apply to parties who have agreed to extend the limitations period under § 6502(a)(2), and granted their motion. See United States v. Simons, 864 F. Supp. 171, 173-74 (D. Utah 1994).

<u>Discussion</u>

3

We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court.  See Wolf v. Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir. 1995).  Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

To meet the burden of production required to support summary judgment, the movant "need only point to those portions of the record that demonstrate an absence of a genuine issue of material fact given the relevant substantive law."  Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992) (citing Celotex, 477 U.S. at 322-23).  Summary judgment will then lie if the movant establishes entitlement to judgment as a matter of law "given [the] uncontroverted, operative facts."  Id. (citing Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 251 (1986)).  "Factual disputes that are irrelevant or unnecessary will not be counted."  Anderson, 477 U.S. at 248.  The substantive law of the case determines which facts are material.  See id.

Where a movant has met the initial burden required to support summary judgment, the non-movant then "must either establish the existence of a triable issue of fact under Fed. R. Civ. P. 56(e) or explain why he cannot . . . under Rule 56(f)."  Pasternak v. Lear Petroleum Exploration, 790 F.2d 828, 832 (10th Cir. 1986).  Conclusory allegations made by a non-movant will not suffice.  See Allen v. Muskogee, Oklahoma, 119 F.3d 837, 843-

4

44 (10th Cir. 1997). Instead, "sufficient evidence (pertinent to the material issue) must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." Thomas, 968 F.2d at 1024.

Interpreting the 1990 amendments to 26 U.S.C. § 6502, the Code's limitation period for collections, the district court determined that the amendment extending the collection period to ten years did not apply to taxpayers. Their offer, which "set the end of the limitations period at a date certain," governed the suit's timeliness, even where the effective date of the amendment fell within that period. See Simons, 864 F. Supp. at 173. In Foutz, 72 F.3d at 805, we recently addressed precisely this issue, and held that § 11317(c) extends the limitations period to ten years where an extension of the limitations period contained in a tax collection waiver had not expired as of the November 5, 1990 effective date of the amendments. See id. at 805-06. Thus, under Foutz, the district court erred, since the November 5, 1990 effective date would have been well within the June 18, 1991 limitations period the offer provided.

Taxpayers now assert, however, that the extension contained in the offer was ineffective because it was not signed by a representative of the IRS. The district court was squarely confronted with this issue in taxpayers' motion for partial summary judgment, see Aplt. App. at 30-33, but because it found taxpayers were entitled to summary judgment on a different ground, did not address it. We may review and affirm a grant of summary judgment on any ground adequately presented to the district court and

5

supported by the record, even though not relied on by the district court. See Bolden v. PRC Inc., 43 F.3d 545, 548 (10th Cir. 1994), *cert. denied*, 116 S. Ct. 92 (1995); Griffith v. State of Colorado, Div. of Youth Servs., 17 F.3d 1323, 1328 (10th Cir. 1994). Since taxpayers properly raised this issue below and pressed it on appeal, and the government had ample notice and opportunity to respond, we examine it here.

Taxpayers' statement of material undisputed facts contained in their motion for partial summary judgment asserted that "the Internal Revenue Service did not sign for or accept that part of the Offer in Compromise Agreement form that provides for waiver of the Statute of Limitations." Aplt. App. at 26. In the face of an affirmative defense that the action was barred, the government had the burden of proving the validity of a waiver of the statute of limitations. See United States v. Conry, 631 F.2d 599, 600 (9th Cir. 1980); United States v. Borchardt, 470 F.2d 257, 261 (7th Cir. 1972). Taxpayers' statement that the government failed to sign the offer provided the government with ample notice that taxpayers intended to require the government to produce proof on this issue. Thus, for purposes of summary judgment, the taxpayers shifted the burden of producing evidence of written assent to the government. See Howell Petrol. Corp. v. Leben Oil Corp., 976 F.2d 614, 621 (10th Cir. 1992).

In response, the government argues taxpayers' counsel conceded the issue at the motion hearing, allowing the district court to treat the validity of the waiver as an undisputed fact. Although we do not believe counsel conceded the issue, we do believe

6

counsel's statement created a factual dispute regarding the validity of the offer. To defeat summary judgment, statements made by counsel at oral argument must either rise to the level of a stipulation, which is treated for purposes of Rule 56 as an admission, see F&D Property Co. v. Alkire, 385 F.2d 97, 100 (10th Cir. 1967), or a concession of the issue, which is binding on the party who concedes. See United States v. Ibarra, 920 F.2d 702, 706 (10th Cir. 1990), *vacated on other grounds*, 502 U.S. 1 (1991). Counsel's statement at the motion hearing clearly indicates that an offer in compromise signed by the government was produced to taxpayers during Revenue Officer Don Thurman's deposition. See Aplt. Supp. App. at 2. Such statements may, in the court's discretion, be considered "admissions" for summary judgment purposes. See Guidry v. Sheet Metal Workers Int'l Assoc., 10 F.3d 700, 716 (10th Cir. 1993). However, though counsel admitted that a signed offer was produced, thus controverting taxpayers' assertion that the offer was not signed for purposes of summary judgment, the record clearly indicates counsel did not intend to concede the issue entirely.

> The fact that this document is now surfacing is -- I believe one of the reasons we have a statute of limitations -- here we are some almost 20 years after the return was filed and we are dealing with documents surfacing. This is a case where Mr. Simons had filed three or four or actually four or five Freedom of Information Act Requests . . . to even receive responses from the Internal Revenue Service that the . . . 656 that was signed by the government, did not exist. He actually received a copy of an unsigned one through the Freedom of Information [sic]. There is even a letter from the district director saying that no such document exists, but in fact we now have a document that reflects the fact that there was an agreement.
> So we would like to state for purposes today of going forward, just assuming arguendo that there was executed agreement by the taxpayer and

7

the Internal Revenue Service . . . that the statute of limitations would be extended for that period of time.

Aplt. Supp. App. at 2-3. Accordingly, though counsel's statement that a signed offer in compromise had been produced properly controverted taxpayers' assertion that the offer was not signed for purposes of summary judgment, we do not believe it rises to the level of a concession of the issue sufficient to preclude further factual inquiry by the district court.

Under current Treasury regulations, the submission of an offer in compromise does not automatically stay collection of a tax liability. See Treas. Reg. § 301.7122-1(d)(2) (1967). Instead, an extension of the statute of limitations only "become[s] effective upon execution of the agreement by both the taxpayer and the district director." Treas. Reg. § 301.6502-(a)(2) (1997) (as amended in 1992). These regulations plainly indicate "the event which makes the waiver operative is the signature of the District Director. It is his act in signing the waiver that stops the limitations clock." Rohde v. United States, 415 F.2d 695, 698 (9th Cir. 1969); accord United States v. Cook, 494 F.2d 573, 574-75 (5th Cir. 1974). We give controlling weight to an agency's interpretation of statutory provisions it administers unless it is "arbitrary, capricious, or manifestly contrary to the statute." New Mexico Dep't of Human Servs. v. Department of Health and Human Servs. Health Care Fin. Admin., 4 F.3d 882, 884 (10th Cir. 1993). Because the parties have placed this material fact in dispute, we must remand to the district court for further proceedings to determine if or when the government signed taxpayers' offer.

8

REVERSED AND REMANDED.