**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 21 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

MUSTEK PARAGON 600 PRO FLAT-BED
SCANNER S#B14009467; POWER CENTER PC
ACCESSORIES MODEL #MT-767 #E89769 4 1;
COMPUTER VERTICAL TOWER TYPE SERIAL
#SS31472424490-2, no name or company logo blue
marking #1 on cabinet; COMPUTER VERTICAL
TOWER TYPE SERIAL #SS31472424490-2, no
name or company logo blue marking #2 on cabinet;
COMPUTER VERTICAL TOWER TYPE SERIAL
#SS31472424490-3, no name or company logo blue
marking #3 on cabinet; MONITOR SONY
TRINITRON MULTISCAN HG SERIAL
#5504596, Model #CPD-1604-S; POWER
CENTER PC ACCESSORIES #E-89769 4 2, Model
MT-767; COMPUTER KEYBOARD BTC
PROFESSIONAL SERIAL #CN57Q1RO7Z, Model
#C2164A; COMPUTER KEYBOARD KUJITSU
LIMITED SERIAL #EZ007111, Model #FKB4800;
COMPUTER KEYBOARD HONEYWELL
SERIAL #B2714, Model #101WN; PRINTER
EPSON STYLUS COLOR SERIAL #1500118351,
Model #P860A; COMPUTER MONITOR HELM
ENGR CORP IMPRESSIONS SERIAL
#222561173AC, Model #1M1439SV; COMPUTER
MONITOR SCEPTRE SERIAL
#4396F000U00558, Model #CC-617G;
LAMINATOR ID SPECIALISTS SERIAL
#002515, Model #5000 ECR; COMPUTER

No. 98-6097
(W.D. Okla.)
(D.Ct. No. CIV-97-36-W)

POWER CENTER MEMOREX SERIAL #313461,
Model #0C-0061 W/TLS; LAMINATOR IBICO
SERIAL #BE04948, Model #HL-4; SPEAKERS
FOR COMPUTER PACKARD BELL P/N 160081;
PORTABLE ELECTRONIC SCALES ACCULAB
SERIAL #32270202, Model V-33; MAGNIFIER
HEADSET OPTI VISOR; LASER SCANNER
CANNON 1X-4015 SERIAL #CYD20541, Model
#F910500; WIRELESS MICROPHONE AND
MOBILE RECEIVER SOLIDEX. Model #HF-1-
100 for use with mobile cellular phone; ELECTRIC
TYPEWRITER SMITH CORONA SD700, SERIAL
#5PCF1271999; COPY MACHINE PANASONIC
FN-P 300 SERIAL #H1HO5 16861; TOOL KIT IN
BLACK STORAGE PACK 7X11,

    Defendants,

DAVID K. BINFORD,

    Claimant-Appellant.

_____

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

David K. Binford, a federal inmate, appeals *pro se* a judgment entered against him in an 18 U.S.C. § 492 forfeiture action concerning various pieces of computer equipment. The provisions of § 492 provide for the forfeiture of material or apparatus used or fitted or intended to be used, in making counterfeit obligations or other securities of the United States. After careful review of the parties' briefs, the district court's orders, and the record presented on appeal, we affirm summary judgment in favor of the United States.[1]

On suspicion Mr. Binford and his wife were producing counterfeit checks and identification cards, Oklahoma City law enforcement officers executed a

---

[1] The district court denied Mr. Binford's motion to proceed in forma pauperis on grounds he did not show the appeal was taken in good faith or his financial inability to pay the required fees. Mr. Binford raises the same motion on appeal. Mr. Binford's financial declaration and affidavit show an average of just over $3.00 each month in drawable funds, and reveal no other assets. Giving Mr. Binford the benefit of the doubt as to his inability to pay, we believe his appeal meets the appropriate standard required; he has established his good faith by presenting some issues that are, when construed liberally, not plainly frivolous. *See Ellis v. United States*, 356 U.S. 674, 674-75 (1958). We therefore grant Mr. Binford's motion.

search warrant for the Binfords' residence. The officers arrested both Mr. and Mrs. Binford and seized twenty-eight different pieces of computer equipment. From the computer equipment, the officers printed copies of counterfeit checks and drivers' licenses. Subsequently, Mr. Binford pled guilty to one count of conspiring to make, utter and possess counterfeit checks in violation of 18 U.S.C. § 371, and ten counts of knowingly making, uttering, possessing, and causing to be made, uttered and possessed, counterfeit checks with intent to deceive in violation of 18 U.S.C. § 513(a). In his Petition to Enter Pleas of Guilty, Mr. Binford wrote: "I'm pleading guilty because I did the acts alleged in the Indictment." No provision in the plea agreement prohibits a civil action for forfeiture of the equipment Mr. Binford used to execute the crimes.

Mr. Binford was sentenced to sixty-three months incarceration. The United States then filed an *in rem* civil forfeiture proceeding. Following discovery and numerous other motions, the district court granted the government's request for summary judgment. The district court found, as a matter of law, the government made the required showing of probable cause that the seized property was used or fitted or intended to be used in making counterfeited securities, based on Mr. Binford's guilty plea and the affidavit of Secret Service Special Agent, Philip R.

Smith.[2]  The district court found Mr. Binford neither refuted this showing nor established a genuine conflict sufficient to defeat summary judgment.  The district court rejected Mr. Binford's argument that forfeiture of his property, separate from his criminal proceeding, violates the double jeopardy clause.  Accordingly, the district court entered a forfeiture judgment against Mr. Binford.

On appeal, Mr. Binford claims a genuine issue of fact existed with respect to his wife's inconsistent statements concerning which pieces of equipment he used in committing the crimes.  In addition, Mr. Binford again raises his double jeopardy claim, stating the forfeiture action should be part of the original criminal action.  He also claims the district court erred in failing to appoint him counsel; renews his claim regarding the invalidity of the state search warrant or its nonexistence; and makes the same demand as to the district court – that the Oklahoma state court be ordered to produce the documents from his criminal proceeding.

For the first time on appeal, Mr. Binford also claims:  1) denial of his fundamental right of cross-examination of witnesses and inspection of evidence;

_____

[2]  The record contains Special Agent Smith's January 10, 1997 affidavit and his November 24, 1997 declaration.  Both support the 18 U.S.C. § 492 forfeiture proceeding.

2) deprivation of property without a trial by a jury of his peers; 3) error because the credibility of the government's key witness – his wife – was a jury determination; and 4) denial of his right of equal protection, due process, and ability to prepare an adequate defense because he lacked access to a law library during parts of the proceeding. Mr. Binford supports his arguments with conclusory statements and allegations.

The district court disposed of this matter on summary judgment. Thus, once the government established facts supporting probable cause for seizure, Mr. Binford had the burden of proving he did not use the forfeited computer equipment, or to otherwise refute the government's showing of probable cause. *See United States v. One Hundred Forty-Nine Thousand Four Hundred Forty-Two and 43/100 Dollars*, 965 F.2d 868, 876 (10th Cir. 1992).

The government met its burden of demonstrating probable cause by submitting Mr. Binford's guilty plea, the declaration and affidavit of Special Agent Smith, and copies of counterfeit checks and drivers' licences that law enforcement officers printed from Mr. Binford's computer equipment.

Mr. Binford's conclusory allegations are insufficient to meet his burden of

refuting the government's proof. *See United States v. Simons*, 129 F.3d 1386, 1388 (10th Cir. 1997). He was required to point to sufficient evidence, whether by reference to an affidavit, deposition transcript, or some other specific exhibit, to meet his burden of establishing a genuine issue of material fact regarding probable cause. *Id.* The only evidence Mr. Binford presented to the court is a letter from his wife to Special Agent Smith, which he argues supports his allegations his wife gave inconsistent statements concerning his illegal use of equipment. However, his allegations are refuted by Special Agent Smith in his sworn declaration. Because Special Agent Smith's declaration is persuasive, and Mr. Binford failed to designate any evidence to demonstrate a genuine issue of material fact for trial, we affirm the district court's summary judgment order.

We next address Mr. Binford's constitutional issues. As to Mr. Binford's double jeopardy claim, we review *de novo* the trial court's determination the forfeiture of his personal property did not violate the Double Jeopardy Clause. *See United States v. One Parcel Real Property Described as Lot 41*, 128 F.3d 1386, 1391 (10th Cir. 1997). We find Mr. Binford's double jeopardy claim is foreclosed as a matter of law because *in rem* civil forfeitures are "neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." *Id.* (quoting *United States v. Ursery*, 518 U.S. 267, 292 (1996)).

We next address Mr. Binford's claim the district court improperly failed to appoint counsel. We previously held the Sixth Amendment right to counsel is explicitly confined to criminal prosecutions. This forfeiture proceeding is civil in nature, and thus falls outside the Sixth Amendment right to counsel. Mr. Binford therefore has no right to appointment of counsel. *See United States v. Deninno*, 103 F.3d 82, 86 (10th Cir. 1996).

With respect to his search warrant challenge, Mr. Binford sets forth only general, conclusory allegations of a Fourth Amendment violation, but cites no evidence or facts in support of his claim. As previously stated, Mr. Binford's mere conclusory accusations on the validity of the state warrant are insufficient to meet the standard for surviving summary judgment. *See also Setliff, M.D. v. Memorial Hosp.*, 850 F.2d 1384, 1392 (10th Cir. 1988). Moreover, Mr. Binford had an opportunity to challenge the validity of the search warrant during his state court criminal proceeding, but instead voluntarily entered a guilty plea. He therefore is collaterally estopped from raising the issue here.[3] *See United States v. Real Property Known & Numbered as 415 East Mitchell Ave.*, 149 F.3d 472,

---

[3] Because this is a *civil* proceeding, our holding does not alter the ruling in *United States v. Gallardo-Mendez*, 150 F.3d 1240, 1243-44 (10th Cir. 1998) (guilty plea does not collaterally estop litigation of issue in subsequent *criminal* proceeding).

475-76 (6th Cir. 1998) (in forfeiture action appellant who pleads guilty is collaterally estopped from asserting unlawfulness of search warrant).

Mr. Binford asks this court, as he did the district court, to order the Oklahoma state court to produce, at public expense, essentially all the records from his criminal proceeding. The record shows the Oklahoma court refused Mr. Binford's request to produce the documents, based on his failure to state a valid need for them. While we construe *pro se* pleadings liberally, Mr. Binford has nevertheless failed to show the relevancy of those documents to this proceeding. Thus, we deny Mr. Binford's request.

With respect to the issues Mr. Binford raises for the first time on appeal, we will not address them as they were not presented to, nor addressed by, the district court. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992). While we do not ordinarily consider arguments raised for the first time on appeal, we do note these issues are without merit. *See United States v. Alamillo*, 941 F.2d 1085, 1086 (10th Cir. 1991).

Based on a review of the pleadings and record, and for the reasons set forth

above, the district court's summary judgment order is **AFFIRMED**.


**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge