**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 31 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

———————————————

JOSEPH EILAM,

      Plaintiff-Appellant,

v.

CHILDREN'S HOSPITAL
ASSOCIATION, d/b/a Children's Hospital,
a Colorado non-profit corporation,

      Defendant-Appellee.

No. 97-1292
(D. Colo.)
(D.Ct. No. 96-D-1027)

—————————————————

**ORDER AND JUDGMENT**[*]

—————————————

Before **SEYMOUR, BRORBY**, and **HENRY**, Circuit Judges.

—————————————

Appellant Joseph Eilam appeals the district court's entry of summary

judgment in favor of Children's Hospital on his discrimination claims under Title

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the Age

Discrimination in Employment Act, 29 U.S.C. §§ 621 - 634, and 42 U.S.C.

§ 1981.  Mr. Eilam contends Children's Hospital demoted him because of his

———————————————

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Jewish heritage and his age. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. Background

Mr. Eilam is a fifty-eight year old Jewish male. Appellee Children's Hospital ("the Hospital") hired Mr. Eilam in 1992 as an Electrical Team Leader and later promoted him to the position of Operations and Maintenance Coordinator, also referred to as Maintenance Manager. Both positions required Mr. Eilam to supervise other employees. During his employment, Mr. Eilam experienced some difficulty in performing his supervisory duties – primarily in managing two particular employees. In response, Mr. Eilam's supervisor, Mr. Jerry Collins, met with Mr. Eilam on April 19 and 20, 1995, to discuss the situation. Following this meeting, Mr. Collins prepared a written warning detailing Mr. Eilam's management deficiencies. Mr. Eilam received this warning on May 15, 1995, and responded by sending a memo to Mr. Collins detailing his objections and requesting additional support. One week later, Mr. Collins prepared an "action plan" that addressed Mr. Eilam's requests and provided for a two-month improvement period during which time Mr. Collins and Mr. Eilam would meet regularly to discuss his progress. Mr. Eilam sent another memo seeking additional clarification of the written warning and action plan but never

received a direct response.

Two and a half weeks after issuing the action plan and at Mr. Eilam's urging, Mr. Collins prepared Mr. Eilam's annual performance review. Unlike his two previous annual reviews, this evaluation gave Mr. Eilam very low marks and denied him a merit salary increase. That same day, Mr. Collins "reorganized" the department and "transferred" Mr. Eilam to the position of Master Electrician. The "transfer," which Mr. Eilam characterizes as a demotion, did not reduce Mr. Eilam's base salary.[1] However, as a Master Electrician, Mr. Eilam no longer supervised other employees and was no longer eligible for on-call pay. The reorganization abolished Mr. Eilam's former position and transferred his supervisory responsibilities to other staff members, who are non-Jewish and younger than Mr. Eilam.

In addition to these facts, Mr. Eilam points to two other occurrences as proof of the alleged discrimination. First, Mr. Eilam asserts (and the Hospital does not deny) that on some unspecified date before the demotion, Mr. Eilam asked Mr. Collins for supplies and Mr. Collins responded, "put it on your

---

[1] Because we assume for the purposes of this appeal that Mr. Eilam established a prima facie case, we will refer to the adverse employment action as a demotion.

-3-

Christmas List." Mr. Eilam, being Jewish, considered this remark offensive and asked Mr. Collins not to make such references in the future. Nevertheless, Mr. Collins repeated the statement on three other, unspecified occasions. Mr. Collins also allegedly advised other employees that Mr. Eilam liked to have a Christmas holiday but did not "celebrate" like other employees. Second, after the demotion, Mr. Eilam's new supervisor required Mr. Eilam to bring a letter from his rabbi to substantiate two requests for time off for religious purposes. Although Mr Eilam's supervisor granted both requests, Mr. Eilam emphasizes Mr. Collins never required him to submit such letters prior to the demotion.

Based on this evidence, Mr. Eilam filed suit alleging the Hospital unlawfully demoted him because of his Jewish heritage and his age. The district court granted the Hospital's motion for summary judgment on Mr. Eilam's three federal claims and declined to exercise jurisdiction over the remaining state claims. Applying the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the court found Mr. Eilam had established a *prima facie* case and the Hospital had sufficiently stated a legitimate, non-discriminatory rationale for the adverse employment action. However, the court concluded Mr. Eilam failed to produce sufficient evidence to support a finding of pretext. On appeal, Mr. Eilam argues he did present sufficient evidence of pretext to create a

-4-

genuine issue of material fact and, therefore, the district court erred granting summary judgment.

We review the district court's grant of summary judgment de novo, applying the same legal standard as the district court. *Rea v. Martin Marietta Corp.*, 29 F.3d 1450, 1454 (10th Cir. 1994). "We ... examine the record to determine if any genuine issue of material fact was in dispute; if not, we determine if the substantive law was correctly applied." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). In applying this standard, we view the factual record and inferences therefrom in the light most favorable to the nonmoving party. *Tomsic v. State Farm Mut. Auto. Ins. Co.*, 85 F.3d 1472, 1476 (10th Cir. 1996). However, to survive summary judgment, the nonmoving party may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing there is a genuine issue for trial. *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995), *cert. denied*, 516 U.S. 1160 (1996).

## II. Discussion

The burden-shifting analysis of *McDonnell Douglas* governs our review in this case. Under *McDonnell*, the plaintiff has the initial burden of establishing a

*prima facie* case of discrimination, which in a demotion situation requires the plaintiff to show he or she was: "(1) within the protected ... group; (2) adversely affected by the defendant's employment decision; (3) qualified for the position at issue; and (4) replaced by a person outside the protected group." *Hooks v. Diamond Crystal Specialty Foods, Inc.*, 997 F.2d 793, 799 (10th Cir. 1993) (internal quotation marks and citation omitted). After the plaintiff establishes a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment decision. *McDonnell Douglas*, 411 U.S. at 802. If the defendant offers a legitimate, nondiscriminatory reason for its actions, the burden reverts to the plaintiff to show the defendant's proffered reason was a pretext for discrimination. *Id.* at 804-05.

For purposes of this appeal, the Hospital concedes Mr. Eilam established a *prima facie* case. Likewise, Mr. Eilam does not contest that the Hospital met its burden of articulating a legitimate nondiscriminatory reason for the demotion – namely Mr. Eilam's lack of supervisory skills. Thus, the only issue remaining is whether Mr. Eilam has shown "that there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual." *Randle v. City of Aurora*, 69 F.3d 441, 451 (10th Cir. 1995).

A plaintiff demonstrates pretext by showing either "a discriminatory reason more likely motivated the employer or ... that the employer's proffered explanation is unworthy of credence." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981). For example, a plaintiff may demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." *Morgan v. Hilti, Inc.,* 108 F.3d 1319, 1323 (10th Cir. 1997) (internal quotation marks and citation omitted). However, the plaintiff's "mere conjecture that [his] employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment." *Branson v. Price River Coal Co.*, 853 F.2d 768, 772 (10th Cir. 1988).

In this case, Mr. Eilam admits he had problems supervising two Hospital employees. Nevertheless, he argues the Hospital's proffered reason for the demotion – Mr. Eilam's supervisory deficiencies – is pretextual. Mr. Eilam bases his argument on the following evidence: (1) two subordinates caused the supervisory difficulties and Mr. Eilam otherwise effectively managed his department; (2) Mr. Eilam received good performance evaluations in the past; (3) Mr. Collins precipitated and/or aggravated Mr. Eilam's problems by encouraging

employees to complain and failing to communicate adequately about the perceived problems; (4) Mr. Collins failed to follow Hospital procedure in issuing the written warning, action plan, and performance evaluation; (5) Mr. Collins failed to consider Mr. Eilam's accomplishments when preparing his performance evaluation; (6) Mr. Collins made several Christmas-related remarks; (7) Mr. Collins advised outside contractors not to speak to him after the demotion; and (8) Mr. Eilam's new supervisor required him to submit substantiation to get time off for religious purposes.

We conclude Mr. Eilam's evidence fails to create a genuine issue of fact as to whether the Hospital's reason for demoting him was pretextual. In essence, Mr. Eilam admits he had problems supervising at least two Hospital employees, but blames those problems on other employees and opines that he was actually a good supervisor. These arguments misunderstand the focus of our inquiry in a pretext case. We are concerned solely with whether the reason asserted by Mr. Collins for the demotion was a pretext for discrimination. *DeJarnette v. Corning, Inc.*, 133 F.3d 293, 298-99 (4th Cir. 1998); *Giannopoulos v. Brach & Brock Confections, Inc.*, 109 F.3d 406, 410 (7th Cir. 1997). Accordingly, "[i]t is the manager's perception of the employee's performance that is relevant, not

plaintiff's subjective evaluation of his own relative performance."[2]  *Furr v. Seagate Tech., Inc.,* 82 F.3d 980, 988 (10th Cir. 1996), *cert. denied*, 117 S. Ct. 684 (1997); *see Branson*, 853 F.2d at 772.  More important, we do not sit as some kind of "super-personnel department," free to second guess the propriety of an employer's business decision.  *DeJarnette*, 133 F.3d at 298; *Branson*, 853 F.2d at 772.  It is not our role to decide whether an employer's legitimate, nondiscriminatory reason was "wise, fair, or even correct, ultimately so long as it truly was the reason for the plaintiff's termination."  *DeJarnette*, 133 F.3d at 299 (internal citation omitted).  The key question is whether Mr. Collins genuinely believed Mr. Eilam lacked supervisory skills and relied on that belief in demoting Appellant.  *See Giannopoulos*, 109 F.3d at 410-11; *Fuentes v. Perskie*, 32 F.3d 759, 766-67 (3d Cir. 1994).  We find nothing in the record to suggest Mr. Collins did not actually believe Mr. Eilam lacked supervisory skills.  To the contrary, Mr. Collins documented his belief in the written warning, action plan, and performance evaluation.  Mr. Eilam's opinion regarding the fairness or correctness of Mr. Collin's perception does not create a genuine issue as to the

---

[2]  A later apology by one of Mr. Eilam's subordinates likewise has little bearing on the pretext issue.  It is Mr. Collins' opinion of Mr. Eilam's performance that is key, not the opinion of Mr. Eilam's coworkers.  *See DeJarnette*, 133 F.3d at 299 (holding that statements by plaintiff's coworkers were "close to irrelevant" in determining whether defendant's proffered reasons were pretextual).

sincerity of Mr. Collins' belief.  *See Branson*, 853 F.2d at 772 ("[P]lantiffs' mere conjecture that their employer's explanation is a pretext ... is an insufficient basis for denial of summary judgment.").

Nor do we find Mr. Eilam's prior, positive performance evaluations create a genuine fact issue.  Although prior employment history may be probative in some situations, prior performance evaluations do not, by themselves, establish that a later unsatisfactory evaluation is pretextual.  *See Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 528 (3d Cir.), *cert. denied*, 510 U.S. 826 (1993); *Billet v. CIGNA Corp.*, 940 F.2d 812, 826 (3d Cir. 1991).  "To hold otherwise would be to hold that things never change, a proposition clearly without basis in reality."[3]  *Billet*, 940 F.2d at 826; *see also Fortier v. Ameritech Mobile Communications, Inc.*, 161 F.3d 1106, 1113 (7th Cir. 1998) (holding that prior performance evaluations "cannot, by themselves, demonstrate the adequacy of performance at the crucial time when the [adverse] employment action is taken").  Mr. Eilam's mere opinion that his performance had not changed since his prior evaluations is not enough to defeat summary judgment.  *See Fallis v. Kerr-McGee*

---

[3]  For the same reason, evidence of Mr. Eilam's past promotion, which occurred approximately one year prior to his demotion, does not create a genuine fact issue regarding the sincerity of Mr. Collins' belief at the time of the demotion.

*Corp.*, 944 F.2d 743, 747 (10th Cir. 1991) ("This circuit's view is that a plaintiff cannot prevail by merely challenging in general terms the accuracy of a performance evaluation which the employer relied on in making an employment decision without any additional evidence."); *Branson*, 853 F.2d at 772.

Mr. Eilam also argues various deviations from established personnel policies are evidence of pretext.[4] It is true that evidence of "disturbing procedural irregularities" can be evidence of pretext. *Colon-Sanchez v. Marsh*, 733 F.2d 78, 81 (10th Cir.), *cert. denied*, 469 U.S. 855 (1984). However, Mr. Eilam has failed to present adequate evidence, beyond mere speculation, of the Hospital's personnel procedures or regularity with which the Hospital followed those procedures. Absent such evidence, it is impossible to determine whether the Hospital's alleged conduct amounts to a "disturbing procedural irregularity"

---

[4] Specifically, Mr. Eilam alleged Mr. Collins waited two weeks after preparing the written warning to give him a copy and then delivered it "off the clock" and in front of other employees. Further, Mr. Eilam claims Mr. Collins failed to use specific language in both the written warning and action plan, failed to adequately explain both documents, and failed to afford Mr. Eilam the benefit of the full two month performance improvement period. Lastly, Mr. Eilam claims Mr. Collins prepared his performance evaluation several weeks late, failed to consider Mr. Eilam's accomplishments in the evaluation, and deviated from his normal custom of "negotiating" the evaluation with the employee.

-11-

of the type necessary to support a finding of pretext.[5] *Cf. Simms v. Oklahoma ex rel. Dep't of Mental Health & Abuse Serv.,* 165 F.3d 1321, 1329, (10th Cir. 1999) (concluding procedural irregularities in defendant's hiring process did not support inference of pretext where plaintiff failed to show the process used by defendant was inconsistent with published policies).  As such, we conclude Mr. Eilam failed to present significantly probative evidence sufficient to create a triable issue on pretext.  *Frohmader v. Wayne*, 958 F.2d 1024, 1028-29 (10th Cir. 1992) ("[S]ummary judgment may be granted where the evidence presented by the party opposing summary judgment is not significantly probative."); *see also United States v. Simons*, 129 F.3d 1386, 1388 (10th Cir. 1997) (stating conclusory allegations made by the non-movant are insufficient to defeat summary judgment).  Even assuming Mr. Eilam's allegations were supported by the record, we conclude the alleged procedural irregularities in this case are not sufficiently serious to support a reasonable inference of pretext.  *See Rea*, 29 F.3d at 1459

---

[5] Mr. Eilam did present evidence regarding one alleged procedural irregularity. Specifically, Mr. Eilam points to deposition testimony by Mr. Collins that he typically discussed or "negotiated" performance evaluations with employees and sometimes changed performance ratings based on those discussions.  No such negotiations occurred before or after Mr. Eilam's last performance evaluation.  Nonetheless, we conclude Mr. Collin's deviation from his normal practice is not sufficiently serious to constitute evidence of pretext, especially considering that Mr. Collins discussed Mr. Eilam's performance deficiencies with him on several occasions prior to the evaluation. *See Rea*, 29 F.3d at 1459.

-12-

(concluding minor procedural deviation in defendant's layoff procedure did not amount to evidence of pretext); *Randle*, 69 F.3d at 454 ("The mere fact that an employer failed to follow its own internal procedures does not necessarily suggest ... that the substantive reasons given by the employer for its employment decision were pretextual.").

Mr. Eilam also argues pretext may be inferred from Mr. Collins' Christmas list and Christmas celebration comments. We disagree. In order for such comments to defeat summary judgment, Mr. Eilam must demonstrate a nexus between the allegedly discriminatory comments and the Hospital's decision to demote him. *Rea*, 29 F.3d at 1457. Stray or isolated comments "unrelated to the challenged action" are insufficient to create a jury issue. *Cone*, 14 F.3d at 531. Mr. Eilam presented no evidence of the timing of the statements or their connection to the demotion. As such, the comments are insufficient to show the Hospital's proffered reasons for demoting Mr. Eilam are pretextual. *Rea*, 29 F.3d at 1457 (finding no evidence of pretext where plaintiff failed to show a connection between defendant manager's comments and plaintiff's layoff).

Lastly, Mr. Eilam contends pretext can be inferred from the Hospital's treatment of him after the demotion. Specifically Mr. Eilam points to his new

supervisor's request for substantiation for time off and the fact that Mr. Collins prevented Hospital contractors from consulting with him.  Neither of these occurrences raise a factual issue as to pretext.  First, Mr. Eilam failed to establish any connection between his new supervisor's request for substantiation and the adverse employment action.  Mr. Eilam presents no evidence that his new supervisor had anything to do with his demotion, or that the requests were close in time or were in anyway related to the demotion.  *Cf. Rea*, 29 F.3d at 1458 (finding no evidence of pretext where plaintiff failed to establish connection between defendant's selection process and the adverse employment action).  Furthermore, the fact that Mr. Eilam's new supervisor granted both requests undercuts an inference of discriminatory motive.  Second, we do not find Mr. Eilam's allegations regarding his post-demotion job duties meaningful. The fact that Mr. Collins modified Mr. Eilam's duties after the demotion does not render the Hospital's proffered reason for the demotion suspect.  One would expect job duties to change after a demotion.  The fact that Mr. Eilam disliked his new duties does not create a genuine issue of fact.  *Cf. Morgan*, 108 F.3d at 1324 (concluding plaintiff's complaints  regarding the fairness of her employer's actions had little legal significance in considering pretext).

Accordingly, we conclude the evidence presented by Mr. Eilam fails to

create a genuine issue of material fact as to whether the Hospital's proffered reason for demoting him was a pretext for discrimination and **AFFIRM** the district court's order granting summary judgment in favor of the Hospital.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge