**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 29 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LEN LARSON, doing business
as Len Larson & Associates,

     Plaintiff - Appellant,

v.

CITY OF DENVER, a municipal
corporation; DANIEL E. MUSE,
individually and as the City Attorney
for the City of Denver; DAVID L.
MICHAUD, individually and as the
Chief of Police for the City of Denver;
TOM SANCHEZ, individually and as
Deputy Chief of Operations for the
City of Denver Police Department,

     Defendants - Appellees.

No. 01-1301
(D.C. No. 98-B-2134)
(D. Colorado)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **BRISCOE** ,
Circuit Judge.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Len Larson operates a pawn shop in Denver, Colorado. Plaintiff filed suit against defendants under 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights by unlawfully seizing and disposing of jewelry from his pawn shop on five separate occasions between 1993 and 1998. Specifically, plaintiff alleged that: (1) defendants seized the jewelry without a warrant in violation of the Fourth Amendment; (2) defendants disposed of the seized jewelry without a hearing in violation of his right to procedural due process under the Fourteenth Amendment; and (3) the applicable provisions of the City of Denver's Municipal Code regulating pawn shops are unconstitutional both on their face and as applied to him.

Plaintiff moved for partial summary judgment on his procedural due process claim, and defendants moved for summary judgment on all of plaintiff's claims. In a well-reasoned order entered on May 24, 2001, the district court denied plaintiff's motion and entered summary judgment in favor of defendants on the grounds that:

1.  Plaintiff's claims relating to the seizure that occurred in December 1993 are time barred, as plaintiff has conceded on appeal;

2.  With respect to the other four seizures, although plaintiff had a putative property interest in the seized jewelry, his right to procedural due process was not violated because, under the applicable provisions of the City of Denver's Municipal Code, he had the right to request a court hearing regarding the disposition of the jewelry, but he failed to request such a hearing despite having notice of his right to such a hearing;

3.  With respect to the seizure that occurred in May 1995, plaintiff's Fourth Amendment claim is time barred;

4.  With respect to the seizure that occurred in March 1997, defendants did not violate the Fourth Amendment because the jewelry was seized pursuant to a warrant and plaintiff failed to put forth any evidence showing that the warrant was unlawful;

5.  With respect to the seizures that occurred in June 1997 and February 1998, defendants did not violate the Fourth Amendment because plaintiff consented to the seizures and:  (a) even if his consent to the seizures was procured by the participating officers using unlawful threats, there is no evidence that any of the named individual defendants personally participated in the threatening conduct, either directly or in a supervisory capacity; and (b) there is

no basis for imposing municipal liability against the City of Denver since there is no evidence that the Denver Police Department had a policy or custom of using threats to obtain permission to conduct warrantless seizures at pawn shops;

6. Because there is no basis for imposing municipal liability against the City of Denver, the individual defendants are entitled to summary judgment with respect to plaintiff's official capacity claims; and

7. The applicable provisions of the City of Denver's Municipal Code regulating pawn shops, and the district and local court rules incorporated by reference therein, are not unconstitutional, either on their face or as applied to plaintiff, because: (a) they require that police officers must have a warrant or consent to seize property from a pawn shop; (b) they provide that pawn brokers may obtain a hearing regarding the seized property if a request for a hearing is made within twenty days of the seizure; and (c) plaintiff had notice that he had the right to request a hearing regarding the jewelry seized from his pawn shop, but he failed to request such a hearing on each of the occasions at issue.

We review the district court's grant of summary judgment de novo, "applying the same legal standard used by the district court. Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *United States v. Simons*, 129 F.3d 1386, 1388 (10th Cir. 1997) (citations omitted). Having carefully

reviewed the record on appeal, the parties' briefs, and the pertinent case law, we agree with the district court's analysis and its conclusions. Accordingly, we affirm the entry of summary judgment in favor of defendants for substantially the same reasons set forth in the order entered by the district court on May 24, 2001.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge