**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 9 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GILBERT DIAZ,

      Plaintiff-Appellant,

v.

ALBUQUERQUE, NEW MEXICO
POLICE DEPARTMENT; RAY
BACA; DON MCGRATH, APD
Officers, individuals performing
unauthorized acts while on official
duty; OTHERS YET UNNAMED, all
individually, jointly and severally,

      Defendants-Appellees.

No. 02-2215
(D.C. No. CIV-00-862-JP/WWD)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **BRISCOE** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Gilbert Diaz filed suit against defendants under 42 U.S.C. § 1983, alleging that they violated his constitutional rights by unlawfully and maliciously taking him into custody, searching his van, detaining him for several hours, mistreating him by forcing him to lie on the floor of the police station, and threatening him.  Additionally, plaintiff claims that $200 was missing from his wallet when he retrieved his personal effects.

Defendants moved for summary judgment, arguing that the doctrine of qualified immunity protected them from liability for civil damages.  "Qualified immunity shields government officials performing discretionary functions from individual liability under 42 U.S.C. § 1983 unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Baptiste v. J.C. Penney Co*., 147 F.3d 1252, 1255 (10th Cir. 1998) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  In a detailed order entered on July 18, 2002, the district court granted defendants' motion.

"We review the grant . . . of summary judgment de novo, applying the same legal standard used by the district court.  Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  *United States v. Simons*, 129 F.3d 1386, 1388

(10th Cir. 1997) (citations omitted).  Having carefully reviewed the record on appeal, the parties' briefs, and the pertinent case law, we agree with the district court's analysis and its conclusions.  Accordingly, we AFFIRM the entry of summary judgment in favor of defendants, for substantially the same reasons set forth in the order entered by the district court.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge