FILED
United States Court of Appeals
Tenth Circuit

June 11, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LINDA TOWNSEND-JOHNSON,

Plaintiff - Appellant,

v.

RIO RANCHO PUBLIC SCHOOLS;
SUPERINTENDENT SUE
CLEVELAND; ASSISTANT
SUPERINTENDENT CARL
LEPPELMAN, in their official and
individual capacities,

Defendants - Appellees.

No. 13-2133
(D.C. No. 1:10-CV-00257-JCH-SMV)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

The Rio Rancho Public Schools entered into a contract for Ms. Linda Townsend-

Johnson, an African-American, to serve as the principal for an elementary school. School

officials later determined that Ms. Townsend-Johnson had failed to meet her growth

plans, and the superintendent (Ms. Sue Cleveland) decided not to renew the contract. Ms.

---

[*]    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel. But
the order and judgment may be cited for its persuasive value under Fed. R. App.
P. 32.1 and 10th Cir. R. 32.1.

Townsend-Johnson responded by suing for race discrimination under 42 U.S.C. § 1981 and for retaliation under Title VII.

The defendants requested summary judgment on these claims, relying on evidence that Ms. Cleveland had declined to renew the contract based on Ms. Townsend-Johnson's failure to satisfy her growth plans.  Under federal law, Ms. Townsend-Johnson bore the burden to prove pretext on her race-discrimination and retaliation claims.  She failed to present such evidence, and the district court granted summary judgment to the defendants.  We affirm.

## I.     The Race-Discrimination Claim

Ms. Townsend-Johnson alleges race discrimination under 42 U.S.C. § 1981, contending that an assistant superintendent made an unfavorable recommendation based on bias and that Ms. Cleveland should not have relied on the biased recommendation.

Because Ms. Townsend-Johnson does not present any direct evidence of discrimination, her racial discrimination claim is subject to the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *Barlow v. C.R. England, Inc.* 703 F.3d 497, 505 (10th Cir. 2012).  Under this framework, a plaintiff must establish a prima facie case of discrimination.  *See id.*  If the plaintiff establishes a prima facie case, the burden shifts to the defendants to articulate a "nondiscriminatory and non-retaliatory reason" for the adverse employment action.  *Crowe v. ADT Sec. Servs. Inc.*, 649 F.3d 1189, 1195 (10th Cir. 2011).  If the employer articulates permissible reasons for the adverse action, the plaintiff incurs the burden to demonstrate pretext.  *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1227 (10th Cir. 2008).

The defendants conceded below that Ms. Townsend-Johnson had presented a prima facie case of discrimination. Appellant's App., vol. 1 at 40 ("For the purposes of this motion, Defendants will not dispute the prima facie elements of race discrimination."). Because the defendants have raised a nondiscriminatory, non-retaliatory purpose (failure to complete the growth plans), we analyze whether Ms. Townsend-Johnson has demonstrated pretext. *See Fye*, 516 F.3d at 1228.

To demonstrate pretext, she must show that the defendants' explanation is unworthy of belief by a rational factfinder because of incoherence, weaknesses, inconsistencies, or contradictions. *EEOC v. C.R. England, Inc.*, 644 F.3d 1028, 1038-39 (10th Cir. 2011). We ask only whether the employer "honestly believed the legitimate, nondiscriminatory reasons it gave for its conduct and acted in good faith upon those beliefs." *Johnson v. Weld Cnty., Colo.*, 594 F.3d 1202, 1211 (10th Cir. 2010). To determine whether the employer honestly believed its explanation, we examine the facts as they appeared to the decision-maker. *Berry v. T-Mobile USA, Inc.*, 490 F.3d 1211, 1220 (10th Cir. 2007).

For pretext, Ms. Townsend-Johnson argues that the growth plans contemplated weekly meetings and a mediation that never took place. This argument fails because the employer's alleged failure to satisfy its responsibilities under the growth plans would not suggest pretext on the part of Ms. Cleveland, the decision-maker.

First, Ms. Townsend-Johnson's initial growth plan anticipated weekly meetings between her and the assistant superintendent. *See* Appellant's App., vol. 2 at 148-49.

3

According to Ms. Townsend-Johnson, the assistant superintendent falsely certified that he had met with her weekly over a two-month period. *Id.* at 152, 170.

Second, the third growth plan required Ms. Townsend-Johnson to allow a mediation with the school district's human resource director. *Id.* at 154. The mediation never took place. *See id.* at 135-36.

Because Ms. Cleveland decided not to renew the contract, we examine the facts as they appeared to her and ask whether she honestly believed that Ms. Townsend-Johnson had not completed her growth plans and, if not, whether the failure to do so justified nonrenewal of the contract. Ms. Townsend-Johnson's two arguments do not address the genuineness of Ms. Cleveland's stated reason for declining to renew the contract (failure to satisfy the growth plans).

For the sake of argument, we can assume bias on the part of the assistant superintendent. But Ms. Townsend-Johnson does not tie the assistant superintendent's bias to Ms. Cleveland's decision. *See* Oral Arg. 10:42-11:00 (admitting that Ms. Townsend-Johnson had "not directly made" a cat's paw argument).[1]

---

[1] Even if the cat's paw theory were before us, it would not apply. Under this theory, "an employer can avoid liability by conducting an independent investigation of the allegations against an employee." *EEOC v. BCI Coca-Cola Bottling Co. of L.A.*, 450 F.3d 476, 488 (10th Cir. 2006). Ms. Cleveland did not rely solely on the assistant supervisor's evaluations, for she also made her decision based on input from an untainted source, Ms. Clark. Appellant's App., vol. 2 at 183. Like the assistant superintendent, Ms. Clark informed Ms. Cleveland that Ms. Townsend-Johnson had not completed her growth plans. *Id.* at 168-69. Because Ms. Clark was an unbiased, independent source who arrived at the same conclusion as the assistant superintendent, the "cat's paw" doctrine would not apply. *See Simmons v. Sykes Enters., Inc.*, 647 F.3d 943, 950 (10th Cir. 2011).

Ms. Townsend-Johnson may have informed Ms. Cleveland that she had not had the weekly meetings or the mediation. But Ms. Cleveland's knowledge of these matters would not undermine the stated reason for her decision: failure to satisfy the growth plans. In the absence of evidence undermining Ms. Cleveland's stated reason for terminating the contract, a reasonable fact-finder could not infer pretext.

Because the fact-finder could not reasonably infer pretext, we affirm the award of summary judgment on the race-discrimination claim.

## II.    The Retaliation Claim

Ms. Townsend-Johnson also sues under Title VII, alleging retaliation when Ms. Cleveland decided not to renew the contract. On this claim, the district court granted summary judgment to the defendants, again based on the lack of evidence regarding pretext. We agree with this decision.

The retaliation claim is again subject to the burden-shifting framework of *McDonnell-Douglas*. *EEOC v. PVNF, LLC*, 487 F.3d 790, 804-05 (10th Cir. 2007).

In their appeal brief, the defendants argue that Ms. Townsend-Johnson had not presented a prima facie case because she did not show protected opposition to discrimination. But in the district court, the defendants conceded the existence of a prima facie case. Appellant's App., vol. 1 at 42-43 ("It is undisputed that Plaintiff engaged in a protected opposition to discrimination."). In light of this concession in district court, the defendants cannot salvage the award of summary judgment based on the absence of protected opposition to discrimination. *See United States v. Simons*, 129 F.3d 1386, 1390

(10th Cir. 1997); *Bradford v. United States ex rel. Dep't of Interior*, 651 F.2d 700, 704-05 (10th Cir. 1981).

But Ms. Townsend-Johnson has not presented evidence of pretext. As discussed above, Ms. Cleveland refused to renew the contract because she believed that Ms. Townsend-Johnson had not completed her growth plans. Because Ms. Townsend-Johnson has not presented evidence of pretext, we affirm the award of summary judgment on the retaliation claim.

## III.   Conclusion

Ms. Townsend-Johnson cannot show pretext regarding Ms. Cleveland's stated reason for declining to renew the contract. Thus, we affirm the district court's award of summary judgment on the race-discrimination and retaliation claims.

Entered for the Court


Robert E. Bacharach
Circuit Judge

6