**F I L E D**

**UNITED STATES COURT OF APPEALS**

**October 17, 2005**

**FOR THE TENTH CIRCUIT**

GLORIA JEAN JONES,

      Plaintiff-Appellant,

v.

NORMAN Y. MINETA, Secretary,
Department of Transportation,
Federal Aviation Administration,

      Defendant-Appellee.

No. 04-3447
(D.C. No. 02-CV-2392-JWL)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **HOLLOWAY**, and **BALDOCK**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Gloria Jones, proceeding pro se, appeals from the district court's order granting defendant-appellee's motion for summary judgment and denying her motion for summary judgment on claims of racial, gender, and disability discrimination, retaliation, and a variety of other violations. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.[1]

Because the parties are familiar with the facts, we only summarize them. Since 1978, Jones, an African-American female with sickle cell anemia, has worked as a Computer Operator for the Federal Aviation Administration (FAA) in the Airways Facilities Division. After three Regional Duty Officers (RDO) in the Direction, Staff and Support Division (DS&S) retired in March 1994, Jones was

---

[1] We conclude that our jurisdiction extends only to Jones's appeal of the July 8, 2004, judgment. The notice of appeal names only the judgment. This "is sufficient to support review of all earlier orders that merge into the final judgment . . . ." *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 n.7 (10th Cir. 1994). Under this rule, the notice of appeal does not support review of the September 16, 2004, Memorandum & Order denying her motions to vacate the judgment and for appointment of counsel. Jones's docketing statement, which notes the September 16 order, was filed on December 1, 2004, after the deadline for filing the notice of appeal, which was November 15, 2004. *See* Fed. R. App. P. 4(a)(1)(B), (4)(iv). Therefore, the docketing statement does not remedy this problem. *See Denver & Rio Grande W. R.R. v. Union Pac. R.R.*, 119 F.3d 847, 849 (10th Cir. 1997) (holding that jurisdiction is not defeated "if other papers filed within the time period for filing the notice of appeal provide the functional equivalent of what [Fed. R. App. P.] 3 requires") (quotation omitted). Even if we could construe our jurisdiction to include the September 16 order, Jones has waived any issues arising from it because she has not raised or addressed them in any detail in her brief. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994); *Ambus v. Granite Bd. of Educ.*, 975 F.2d 1555, 1558 n.1 (10th Cir. 1992), *modified on other grounds on reh'g*, 995 F.2d 992 (10th Cir. 1993) (en banc).

promoted temporarily to fill one of the positions. Her position as a Computer Operator was held open for her. She worked as an RDO until February 1995.

While Jones was working as an RDO, DS&S decided it needed to fill the three positions with permanent employees. The FAA mandated that those three positions could be filled only by employees who already were permanent employees of DS&S. Jones attempted to apply for one of the positions but was not permitted to bid for it. Eventually, three people were hired to fill the positions, and Jones returned to her position as a Computer Operator.

Jones filed two internal grievances that the FAA denied. She then filed a complaint with the Equal Employment Opportunity Commission (EEOC) based on her view that the refusal to permit her to bid for one of the RDO positions was based on her gender, race, and disability, thus violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, 794. Defendant argued, as he does here, that Jones was not permitted to bid for an RDO position because she was not within the "area of consideration" specified by the FAA: she was not considered a permanent DS&S employee due to the fact that her Computer Operator position in the Airways Facilities Division was held open for her.

The EEOC affirmed the agency decision. Jones raised the same claims before the district court as well as a Title VII claim that defendant denied

-3-

additional applications for promotions in retaliation for her internal grievances and EEOC complaint. She also alleged various constitutional, statutory, and common law violations.

The parties filed cross-motions for summary judgment. The district court noted that Jones's motion for summary judgment failed to set forth specific facts and was not supported by references to depositions, affidavits, or any other competent evidence under Fed. R. Civ. P. 56(e). The court also noted that the exhibits she submitted with the motion were not authenticated.

Despite these deficiencies and taking into account the fact that Jones appeared pro se, the district court reviewed the record thoroughly and found no evidence in any of Jones's filings or exhibits that controverted any of the facts established by defendant. The district court, therefore, denied her motion and granted defendant's motion for summary judgment, holding that (1) her race and gender discrimination claim failed because she could not show that defendant's proffered reason for refusing to permit her to apply for the RDO position was pretextual; (2) her disability discrimination claim failed because, even assuming that sickle cell anemia is a qualified disability, she could not establish that defendant discriminated against her because of it; (3) the court did not have subject matter jurisdiction over her retaliation claim because she never exhausted her administrative remedies by filing an EEOC complaint of retaliation; (4) her

-4-

other statutory and constitutional theories of relief were preempted by Title VII; and (5) the statute of limitations had run on her breach of contract claim.

We review the district court's grant or denial of summary judgment de novo, applying the same legal standards as the district court under Fed. R. Civ. P. 56(c). *Jones v. Barnhart,* 349 F.3d 1260, 1265 (10th Cir. 2003). Because Jones appears pro se, we review her pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

On appeal, Jones formally identifies three issues for review. The first two issues are identical. Jones argues that, because the defendant did not deny certain allegations in her complaint, the defense of this case is barred by the doctrines of res judicata and collateral estoppel. This argument fails. Our review of the allegations defendant did not deny indicates that they are insufficient to defeat defendant's motion for summary judgment or to provide a basis for granting Jones's motion for summary judgment. They do not overcome any of the deficiencies in Jones's claims that the district court identified.

The third issue that Jones formally identifies is that the district court misconstrued facts concerning her eligibility to apply for the RDO position. She states that she was entitled to apply because she performed duties as a civil rights

counselor, a position within the area of consideration. She also argues that she was an active member of the DS&S by virtue of temporarily performing the RDO position. In support, she cites to a document she identifies as Merit Promotion Policy Order Number 3330.1B, a subparagraph of which, titled "Temporary promotion," states that employees who are temporarily promoted officially occupy the new position. Aplt. Br., attachment 13, ¶ 8.gg. She also points to a paragraph titled "Voluntary Applications For Promotion," a subparagraph of which states that "[q]ualified employees outside the minimum area of consideration may submit voluntary applications for promotion to specific positions." *Id.*, attachment 21, ¶ 7.a. She argues that, even if she was outside of the area of consideration, she should have been permitted to file a voluntary application pursuant to ¶ 7.a.

We reject these arguments. First, defendant provided evidence that, although Jones performed collateral duties as a civil rights counselor, she was not a permanent civil rights staff employee. *See* R. I, doc. 47, attachment 16, ¶ 3. Jones's conclusory statement that she was a member of the civil rights staff by virtue of her collateral duties as a counselor is insufficient to controvert defendant's evidence on summary judgment. *See United States v. Simons*, 129 F.3d 1386, 1388 (10th Cir. 1997) (holding that conclusory allegations are insufficient to establish a triable fact issue on summary judgment).

-6-

Second, the cited exhibits do not establish pretext. "Pretext can be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997) (internal quotation marks omitted). However, a defendant's proffered nondiscriminatory reasons for an adverse job action need not be correct; the defendant needs only to have a good-faith basis for believing the reason is correct. *See Rivera v. City & County of Denver*, 365 F.3d 912, 924-25 (10th Cir. 2004). Even assuming that defendant incorrectly concluded Jones was not eligible to apply for any of the reasons she has identified, Jones has not presented any evidence from which we can conclude that this determination was made in bad faith and, therefore, pretextual.

Because Jones appears pro se, we have reviewed the remainder of her brief for additional issues. First, Jones appears to argue that the district court erred by not properly addressing her motion for summary judgment, in part by not examining the exhibits she provided in support of the motion because they were not authenticated. However, the district court made clear that it diligently reviewed her briefs and exhibits before deeming all of defendant's facts uncontroverted. Therefore, we find no error.

Jones also argues that defendant's position in the district court was predicated on false claims and false statements. The only such claim or statement to which she specifically refers in her brief is that of William Feldman, an assistant manager of the FAA's Human Resource Management Division, who stated that Jones's promotion to RDO was only temporary. Aplt. Br. at 9-10 & attachment 14, ¶ 4. We are unable to find where she raised the truthfulness of Mr. Feldman's statement before the district court. Therefore, we do not consider it. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).

Although Jones asserts that she exhausted all of her administrative remedies, she points to no place in the record to support exhaustion of her retaliation claim, and we have found none. Without explanation, she claims that the district court's summary judgment ruling violates the First, Sixth, Eighth, Ninth, Tenth, Thirteenth, Twentieth, and Twenty-Second Amendments of the Constitution, and she cites to a variety of statutory provisions throughout her brief. Because these issues were not raised properly below, we do not consider them. *See id.*

Jones also suggests that the entry of summary judgment violates her Seventh Amendment right to a jury trial, her due process rights, and her equal protection rights. These arguments are without merit. "The Seventh Amendment is not violated by proper entry of summary judgment because such a ruling means

that no triable issue exists to be submitted to a jury." *Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001). This logic can be extended to Jones's due process rights. *Cf. Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (holding that the sua sponte dismissal of a meritless complaint pursuant to Fed. R. Civ. P. 12(b)(6) comports with due process). We also find no violation of her right to equal protection because the court applied the summary judgment procedure to her in the same manner as it is applied to all litigants.

In addition to Jones's arguments, we have reviewed the district court's reasoning and find no reversible error in its order granting defendant's motion for summary judgment and denying Jones's motion for summary judgment.

The judgment of the district court is **AFFIRMED**. The mandate shall issue forthwith.

Entered for the Court


Bobby R. Baldock
Circuit Judge